[No. 5008.    Decided December 15, 1904.]

J. P. O. LOWNSDALE et al., Respondents and Cross-Appellants, v. GRAYS HARBOR BOOM COMPANY, Appellant.[1]

TRIAL—INSTRUCTIONS—COMMENT ON FACTS. Where the evidence upon an issue of fact is clear and undisputed, the court may direct a verdict thereon, and an instruction stating the established facts is not within the constitutional inhibition against commenting upon the facts.

SAME—STATEMENT OF REASONS FOR INSTRUCTIONS—HARMLESS ERROR. An instruction to the jury that the plaintiffs had, upon one of their causes of action, waived all claims except for nominal damages because of the difficulty of determining the exact amount, is not an unlawful comment on the facts by reason of stating the reasons for the waiver, and, if error at all, it was without prejudice.

EJECTMENT—DAMAGES FOR DETENTION—RENTAL VALUE—INSTRUCTIONS. In an action to recover damages for the unlawful detention of land, an instruction upon the measure of damages stating that the rental value is to be determined with reference to the uses to which the lands are suitable, "or such as may be reasonably expected in the immediate future," would be error if intended to authorize the determination of past rental value by its future rental value; but when, from the context of the whole instruction, such expression evidently referred to the beginning of defendant's occupancy, and not to rental value in the future, the same is not erroneous.

APPEAL AND ERROR—NUISANCE—INSTRUCTIONS—HARMLESS ERROR—ISSUES FOUND IN FAVOR OF APPELLANT. In an action for damages to land unlawfully detained, and for an injunction to

[1]Reported in 78 Pac. 904.

abate a nuisance, which was tried to a jury, instructions to the jury upon the subject of the nuisance are not prejudicial to the defendant where the jury failed to find that defendant was maintaining a nuisance and the cause of action therefor was dismissed.

WATERS—NAVIGATION—LOGS AND LOGGING—RIPARIAN RIGHTS— USE OF BANKS OF STREAM ABOVE HIGH TIDE. The right of floatage of logs down a navigable stream does not carry with it a right to the use of the banks above the line of high tide, but only to the use of the highway at all stages of the water.

APPEAL AND ERROR—INSTRUCTIONS—DAMAGES—HARMLESS ERROR—ISSUES FOUND IN FAVOR OF APPELLANT. Error in an instruction on the subject of damages for obstructing a river is not prejudicial, where the jury found no damages against appellant upon that branch of the case.

APPEAL AND ERROR—REVIEW—HARMLESS ERROR—INCOMPETENT EVIDENCE UPON ESTABLISHED FACT. Where plaintiffs' title depended upon a state contract, the admission in evidence of an incompetent certificate of the state land commissioner to the effect that all payments had been made and that it was in full force, is harmless error when the fact had been established by competent evidence, and was not denied by any evidence on the part of the defendant.

APPEAL—REVIEW—VERDICT—EXCESSIVE DAMAGES. A verdict for the rental value of land will not be set aside as excessive, when there was evidence to justify it, although it reaches the extreme limit.

WATERS — NUISANCE — OBSTRUCTION TO NAVIGATION — USE OF STREAM FOR BOOMING LOGS. It is not error to refuse to find a nuisance in the obstruction of navigation by a boom company, where it does not appear at the time of the trial that there are any logs in the river, and where the defendant was an incorporated boom company and its use of the stream was a lawful use under the statute.

Cross-appeals from a judgment of the superior court for Chehalis county, Rice, J., entered July 10, 1903, upon the special verdict of a jury rendered in favor of the plaintiff for damages for the detention of land, and refusing to find that the defendant was maintaining a public nuisance. Affirmed.

*E. H. Fox, Ben Sheeks,* and *J. B. Bridges,* for appellant.

*J. C. Cross* and *J. W. Robinson,* for respondents and cross-appellants.

MOUNT, J.—This action was brought by the plaintiffs to recover from defendant certain lands, and for damages thereto, and for rent, and for the abatement of an alleged nuisance. The allegations of the complaint are substantially as follows: That the plaintiffs are husband and wife; that on the 7th day of September, 1893, they were, and ever since have been, the owners of the southeast quarter of section 16, township 18 north, of range 11 west of the Willamette Meridian, with the appurtenances; that during all of said time they have been in possession of, or entitled to the possession of, said premises, together with such shore lands and shore rights as are a part of, and contiguous to, the property above described, and upon and within the Humptulips river and the slough within said lands; that the Humptulips river is a navigable stream for many miles inland, and that the tide ebbs and flows in the river within plaintiffs' property; that the river empties into Gray's Harbor; that a large slough extends inland from the said river through plaintiffs' property; and that the river and slough are valuable for the rafting, sorting, and booming of saw logs and other timber; that the banks of the river and slough within plaintiffs' lands are such as to furnish protection to logs and timber stored therein.

They allege, further, that on December 8, 1893, the plaintiffs owned certain improvements consisting of houses, piles, and other structures, on and along the banks of said river and slough; that, on or about the said day, the defendant unlawfully and wrongfully

entered upon, and took possession of, portions of plaintiffs' premises aforesaid, adjoining and abutting upon the said river and slough within plaintiffs' lands, and their improvements, together with the banks, shore lands, shore lines, and shore rights belonging thereto, and appropriated the same to its own use, and to the exclusion of the plaintiffs.

As specifying the damages suffered, plaintiffs allege $800 to be a reasonable sum for the use and occupation of the premises by the defendant for the year ending January 1, 1898; $1,100 for the use and occupation of the premises for the year ending January 1, 1899; $1,400 for the use and occupation of the premises for the year ending January 1, 1900; $1,500 for the use and occupation of the premises for the year ending January 1, 1901; and $1,500 for the year ending January 1, 1902; and $1,500 from January 1, 1902, to the commencement of the action.

Plaintiffs allege that, after taking possession of plaintiffs' property, defendant had driven and constructed along and against the banks of the river, upon plaintiffs' premises, certain piles connecting these piles with boom sticks and chains, forming a boom; and that, at all times since wrongfully and unlawfully taking possession, and at the date of the commencement of this action, the defendant boom company was using the west bank, and a large part of the east bank of the river, and both banks of the large slough in plaintiffs' premises, above the line of mean high tide, as the sides of defendant's boom. Plaintiffs further allege that defendant's boom, constructed as aforesaid, caused the currents of the river to shift, and to wash away large portions of plaintiffs' lands, and form large gravel beds and sandbars in front of plaintiffs' property, and divert the

stream from its natural channel within the boundaries of plaintiffs' lands; that defendant had cut, deepened, opened, and extended a shallow slough, within plaintiffs' lands, so that the water in the Humptulips river was turned into this slough, and was cutting a channel across plaintiffs' lands, so as to greatly damage the lands.

As a basis for injunctive relief, they allege, in addition to what is above stated, that the boom company so constructed its boom within the river and slough, and so used the river and slough in the catching and holding of saw logs within plaintiffs' premises, as to completely obstruct the river and slough from bank to bank, for many months at a time during said term of years; that the effect of such obstruction was to prevent the use of the river or slough as a public highway, and to prevent the plaintiffs, or any one else, from using the said river or slough for floatage, and to render plaintiffs' premises inaccessible by water, and that, by reason thereof, plaintiffs had been wholly shut off from their lands, and deprived of the use of the river and slough during the term of years mentioned in the complaint; that the defendant had thereby created and maintained, and was maintaining, a nuisance in a public highway, within the boundaries of plaintiffs' land, to the special injury of plaintiffs.

The defendant, Grays Harbor Boom Company, in answer, admits its corporate existence; that the Humptulips river is a navigable stream; and that it enters into Gray's Harbor at or near the south line of the lands described in plaintiffs' complaint; that the large slough described in the complaint is a navigable slough, and that the river and slough within plaintiffs' lands are valuable for booming, rafting, floating, and storing logs; that there are many million feet of timber along the

banks of the Humptulips river, and in the territory tributary to such river, above plaintiffs' lands; that plaintiffs owned, and now own, a house on the lands described in their complaint, used by the defendant, and that it has at all times refused to pay plaintiffs any rental or damages on their alleged causes of action. The defendant admits, also, that it has constructed, maintained, and operated a boom in the river and slough, and has used the river and slough within the boundaries of the lands claimed by the plaintiffs; but denies that it has damaged the banks of plaintiffs' lands in any manner whatever; denies that it has used the plaintiffs' lands or premises, and denies that plaintiffs are entitled to recover from defendant damages on account of the use and occupation, or on account of erosions, or any other account; and denies that it has constructed or operated its boom, or used the river or slough, in such manner as to obstruct navigation or to exclude plaintiffs from the use of their lands; and denies that its boom constitutes a nuisance.

As a further defense, defendant alleges, in effect, that it is a corporation, organized and existing under and by virtue of the laws of the state of Washington with reference to boom companies; that it has and exercises all the rights with which boom companies are clothed in this state by virtue of such incorporation, and that whatever it has done on said river or slough has been done as a boom company, and that it has constructed, maintained, and operated its boom, and used the river and slough, skillfully and with due care, and without negligence, and without injury or damage to any of the rights of plaintiffs or their lands; that no change has been made in the channel of the river by reason of the defendant's boom or its operation. Plaintiffs, in their

reply to defendant's answer, deny generally the new matters contained in the answer. Upon the issues thus formed, a trial was had and a verdict rendered by the jury as follows:

"We, the jury in the above entitled cause, hereby find for the plaintiffs as. follows: (1) That plaintiffs are entitled to the possession of the property described in the complaint above the line of mean high tide. (2) For damages for the use and occupation of said lands above the line of mean high tide for the sum of $3,000. (3) For damages for erosions and washing away of the banks of said lands above the line of mean high tide in the nominal sum of $1.00. (4) We find for the plaintiffs, and that the defendant, Grays Harbor Boom Company, has obstructed navigation in the large slough during a part of the year. (5) We find that the Humptulips river has not been obstructed to navigation."

Subsequently the court entered the following judgment in the cause:

"It is ordered and adjudged and decreed by the court that the plaintiffs herein, J. P. O. Lownsdale and Sarah R. Lownsdale, do have and recover of the defendant, Grays Harbor Boom Company, a corporation, the sum of three thousand and one dollars ($3,001.00), and costs of suit taxed at $105.25, with interest thereon from the date hereof at the rate of 6 per cent per annum, and that they, plaintiffs, have execution therefor. It is further adjudged by the court that the plaintiffs herein, J. P. O. Lownsdale and Sarah R. Lownsdale, take nothing in this action in the way of possession or restitution of the property described in their complaint, and that the said plaintiffs take nothing herein by way of injunctive relief; that all other relief except as to recovery in damages be denied."

From that part of the judgment relating to plaintiffs' damages and costs, the boom company has appealed, and from that part of the judgment denying to plaintiffs

possession or restitution of the property, and equitable relief by way of injunction, the plaintiffs have appealed.

Appellant boom company first contends that the trial court erred in giving instructions numbered 11 and 12, as follows:

"You are instructed that, by reason of the contracts between the state of Washington and Lownsdale and Baccus, these plaintiffs have been, since the date thereof, and are now, lawfully entitled to the possession of all the lands described in each of the said contracts. You are further instructed that these plaintiffs are entitled to the possession of the lands described in the contracts they hold with the state of Washington for the southeast quarter of section 16, township 18 north, of range 11 west of the Williamette Meridian, including the banks of the said river and said slough, above the line of mean high tide, and your verdict should be for the plaintiffs for the possession thereof."

It is argued that these instructions are a comment on the facts. It is true that the pleadings made an issue of fact upon the right of possession of plaintiffs to these lands; but plaintiffs' evidence was clear and undisputed upon these questions, so that they became facts established in the case, and the court was therefore authorized to direct a verdict accordingly. The constitutional inhibition against judges commenting upon the facts refers only to disputed facts, and not to those concerning which there is no dispute, and which are admitted in the case. As to admitted facts, or those established without contradiction, courts are at liberty to state them to the jury. The instructions were, therefore, not erroneous.

It is claimed that the court erred in giving the following instructions:

"With reference to the second cause of action herein, in which the plaintiffs have claimed $3,500 damages for erosions and washing away of the banks of the lands de-

scribed in the complaint, the court instructs you that·
the plaintiffs, in open court, announced that, owing to
the fact that they were unable to establish by competent
proof the amount of damages in dollars and cents there-
for, and that because of the difficulties and impossibilities
of determining the exact damages in dollars and cents, they
have waived their right to recover anything but a nom-
inal sum for such damages. And you are instructed
that, as a matter of law upon the evidence in this case,
the plaintiffs can recover of the defendant only nominal
damages, if any, for injury to their lands described in
the complaint on account of erosions and the washing
away of the banks of the plaintiffs' lands above the line
of mean high tide. And by nominal damages is meant
some small sum, such as one dollar."

Counsel concede that, if there had been no other cause
of action, this instruction would have been without
prejudice; but it is argued that, because the court stated
the reason of the waiver of this cause of action except
for nominal damages, this statement was prejudicial.
It was not necessary for the court to state his reason to
the jury for giving the instruction, but we think the
statement did not amount to a comment upon the facts
in the case, and that it could have had no prejudicial
effect upon the defendant's case. If error at all, it was
without prejudice.

It is also argued that the court erred in embracing in
its charge upon the measure of rental value the follow-
ing language: "or such as may be reasonably expected
in the immediate future." If the court intended, by
this language, to tell the jury that they might consider
the immediate future rental value of the land, in order
to arrive at its past rental value, the instruction was
undoubtedly wrong, because past rental value of lands
is not determined by its future value, or what may be
reasonably expected in the immediate future. Past

value is capable of accurate determination, and must be found without reference to its future value.  The whole instruction containing the language complained of is as follows:

"The court instructs you further that, as a matter of law, where a person wrongfully takes possession of another person's lands and premises against the will of the owner or the person entitled to the possession thereof, the person taking possession under such circumstances is liable in damages to the person owning the lands or entitled to the possession thereof, and the measure of damages under such circumstances is the amount of the injury which may be done to the premises by such wrongful taking or withholding of the possession of the premises, and in addition thereto, a reasonable rental value of the premises during the time of such detention; and in determining the question of reasonable rental value for the use and occupation of property, such as is involved in this action, you are instructed that the same considerations are to be regarded as in a sale between private parties, the rule in such cases being, what, from their availability for valuable uses, are the lands reasonably worth in the market, and compensation to the owner in the way of damages for use and occupation of his lands and premises under the conditions I have just stated, is to be estimated by reference to the uses for which the appropriated lands are suitable, having regard to the existing business of the community, or such as may be reasonably expected in the immediate future. Where the catching, holding, sorting, and rafting of logs in a river is a regular business, the adaptability of lands or premises, in connection with the banks of the river and boom to hold logs in safety, is a proper element for consideration in estimating the value of the uses of the lands or the banks, when such lands or such banks have been appropriated by a third person for a public or private use.  And if you believe from the evidence in this case under the instructions given you, that the plaintiffs were the owners of, or entitled to the possesion of, the

lands in controversy in this action, and they were possessed of the same, or that they were entitled to the possession of the same, and that, while in such possession or while entitled to such possession, the defendant in this action wrongfully took possession of the lands in question in this action, or any part thereof, and pursuant to such wrongful taking the said defendant continued to withhold the possession of the said lands belonging to these plaintiffs and embraced in this action, then and in that event, the said defendant would be liable to the plaintiffs for any damages that they may have done to the premises, and in addition thereto they would be liable to the plaintiffs in a sum equal to and measured by the reasonable rental value of the premises during the time of such occupancy and withholding, but for a period of time not exceeding three years first before the bringing of this action, and from the beginning of this action to the present time. In estimating the reasonable rental value of premises you are at liberty, and it is your duty, to consider all the facts and circumstances connected with the situation and use or suitable use of the property in question, and if you believe from the evidence that the lands in question in this action have, by reason of their peculiar location relative to the waters of the Humptulips river and the large slough connected therewith, a particular value in the way of constituting in connection with proper appliances a boom, or boom site, for the catching, holding, sorting and rafting of logs, the plaintiffs in this case are entitled, in estimating the rental value of the property, to have the same calculated upon such values. Lands as generally situated, by reason of their character, may have but little, if any, value, but similar lands particularly located, may have a great commercial value and the owner of such lands, when so particularly situated, is entitled to have the commercial value of the lands taken into consideration in reckoning the reasonable rental value of the premises.

"I instruct you further that, as a matter of law, it is immaterial to plaintiffs in this action as to whether or not the defendant in this action was able to or did appro-

priate the lands in question, if it did appropriate them, with benefit to itself. It may have lost money in its endeavor to use the lands of plaintiffs, but that would make no difference in your estimating the reasonable rental value of the property. It is not what the defendant has made out of the property, but the question is as to what is a reasonable rental value, in the market, for the lands in question for the time the defendant has occupied them, if it has occupied them."

Taking the whole context of these instructions, it seems clear that the court intended that the jury should consider only the rental value for the time the defendant occupied the lands, and that it did not intend that the jury should consider rental value in the future; that is, after the time of the trial. When the court used the language complained of, it was evidently speaking of the beginning of defendant's occupancy, and referred particularly to the business or uses for which the lands were then suitable. This being the effect of the whole instruction, we think the criticism of the defendant is not justified.

It is alleged as error that the court defined a nuisance, and told the jury, in substance, that a private person may abate a nuisance when it is specially injurious to him. It is not contended, as we understand the argument, that the law, as given by the court, was not correct; but it is argued that there was no question of nuisance in the case, as tried to the jury. The pleadings made an issue of fact upon this point; but the jury failed to find, by their verdict, that the defendant was maintaining a nuisance, and the court subsequently, upon a consideration of the whole evidence upon this point, properly dismissed the complaint. It follows, therefore, that the defendant was not injured, and cannot now complain of these instructions.

It is also contended that the court erred in giving the following instruction:

"You are further instructed that the right of floatage of logs or other timber down a navigable or floatable stream refers only to the right of floatage, and does not carry with it the right to use the banks of such navigable stream or streams above the line of mean high tide,"

for the reason that it is necessary to use the banks of a stream in order to use the stream itself. This instruction clearly referred to the use of the land or banks above the line of mean high tide by passing over or upon or occupying them, and not to the use of the water within such banks. The jury were plainly told by other instructions that,

"The fact that the waters in such river or slough at times rise above the line of mean high tide and in consequence the logs in such river or slough were raised to an elevation above the line of mean high tide and the waters and logs for such time held within the banks above the line of mean high tide, would not be such a use of the banks of the stream as would entitle the adjoining land owner to collect rents or damages from the boom company."

The defendant, no doubt, has a right to use the channel of a navigable highway at all stages of the water, and such use, when the water is above the line of mean high tide, would not be a use of plaintiffs' adjoining land; but any person using such highway is confined to the limits of the highway; he may not go outside thereof for his convenience or necessity without liability. *Monroe Mill Co. v. Menzel*, 35 Wash. 487, 77 Pac. 813.

The other instructions excepted to go to the question of damages by reason of obstructing the river and slough. The jury returned no verdict against the defendant on account of such damages. In fact, the findings upon

this question were in favor of the defendant; hence, if erroneous, did not constitute reversible error of which defendant may complain.

The lands held by plaintiffs were purchased from the state of Washington on time contracts. During the course of the trial the court permitted the plaintiffs to introduce in evidence a certificate of the state land commissioner to the effect that the plaintiffs had kept up their payments as required, and that the contracts were in full force. The plaintiff J. P. O. Lownsdale had already testified that he had made all the payments required by the contract and that it was then in full force. He was competent to so testify. The certificate of the land commissioner was not competent, but the ruling of the court permitting it was harmless. The fact that the contract was in full force was not denied by any evidence on the part of the defendant, and became an established fact in the case without the certificate of the land commissioner.

The defendant also contends that the verdict was excessive. This was a question for the jury. It was shown, without dispute, that defendant had used a cabin and barn on plaintiffs' lands for about three years; that one end of the boom was for a time anchored to plaintiffs' land; that logs had been permitted at times to lodge upon said lands; and that the shore line, belonging to plaintiffs above the line of mean high tide, was used at times as one side of defendant's boom. Witnesses stated that the rental value of the use of this land for such purposes was from $800 to $1,500 per year. The jury found that the rental value to the time of the trial, being about three years, was $3,000. There is evidence in the record to justify this finding, and, for that reason, we are not disposed to disturb it, even though we think that the extreme limit of rental value was found by the jury.

Plaintiffs, upon their appeal, insist that the lower court should have declared defendant's boom, and the use to which it was putting said river and slough, a nuisance, and, also, should have entered an order enjoining the defendant from trespassing upon plaintiffs' lands. There is no evidence in the record to justify a finding that defendant was maintaining a nuisance, either in the river or in the slough. In fact, at the time of the trial, it did not appear that either the river or the slough contained any logs. It further appeared that the use to which defendant was putting both the river and the slough was a lawful use, under the statute. The evidence also fails to show any substantial damage being done to plaintiffs' lands. An injunction was not necessary. The evidence also shows that, while defendant has used the plaintiffs' lands above the line of mean high tide, it has not, at any time, and does not now, refuse possession thereof to plaintiffs.

We find no reversible error in the case. It is therefore affirmed, neither party to recover costs on this appeal.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS. JJ., concur.