[No. 830.   Decided July 25, 1893.]

A. E. OSBURN *et al.*, *Respondents*, v. JAMES DOLAN, *Appellant.*

EVIDENCE — VARYING WRITTEN INSTRUMENT BY PAROL — CON-
TRACTS — *NOVATION* — WANT OF CONSIDERATION.

Where a contract for the sale of land has been assigned in writing by the purchaser, and the assignment contains no undertaking on the part of the assignee to pay the balance of the purchase money due, evidence is inadmissible, in an action against the assignee, to show other stipulations than those expressed in the written assignment.

Where the holder of a contract for the sale of land assigns the same, and the assignee, in presence of such purchaser and his vendor, tells the vendor to look to him for the balance of payments on the land, to which the vendor replies, "It makes no difference to me, I will make the deed to whoever pays the money; whoever makes the last payment will get the deed," no contract by novation is thereby created binding the assignee to the payment of the balance of purchase money.

In such a case, the promise of the assignee of the contract to pay a written order by the vendor upon him is without consideration.

*Appeal from Superior Court, King County.*

Action by A. E. Osburn and others, against James Dolan upon an alleged indebtedness of defendant to one L. G. Van Valkenburg, upon a contract for the sale of real

estate, in the amount of $250, which claim had been assigned to plaintiffs. From a judgment for plaintiffs, defendant appeals.

*James Kiefer*, for appellant.

*Ellsworth & McGrew*, for respondents.

The opinion of the court was delivered by

STILES, J.—In this case, the first cause of action having been dismissed by the court below, it is not necessary that we pass upon the alleged errors which were argued by the appellant in connection with the court's treatment of it before the dismissal. The second cause of action alone was tried, and it is upon that the judgment was entered.

The question which goes to the merits of this matter is, whether the appellant in any way bound himself so that Van Valkenburg could have maintained an action against him. Van Valkenburg, owning certain real estate, made a contract in writing with the respondents for the sale of it. Six hundred and twenty-five dollars was the contract price, of which respondents paid $125 cash, and agreed to pay the balance in two equal portions, on time. This contract was executed as a deed, and ran to respondents or their assigns. Subsequently respondents sold their contract to the appellant, and assigned it to him in writing in the following words:

"For and in consideration of one hundred and twenty-five dollars, paid by James Dolan, of King county, State of Washington, to the within named second parties, the said within named second parties hereby transfer, set over and assign all their interest in the within contract, and in and to the within described tract of land, to the said James Dolan."

Clearly the contract of assignment thus made contained no undertaking on the part of Dolan to pay the balance of purchase money, viz., $500, and it was improper to receive

any evidence tending to show that any stipulations had been made between the parties in addition to those expressed in the writing. If there were such stipulations, and they were by inadvertence or mistake left out of the contract, there were other means at the command of the respondents by which the contract could have been reformed so as to express the actual agreement of the parties.

In this condition of the matter Van Valkenburg gave a written order to the respondents upon Dolan for $250, which the court finds Dolan orally promised to pay when it was presented to him. Such promise, however, was without any consideration, and unless the respondents' contention that what occurred between themselves, Van Valkenburg and Dolan, at the time of the assignment of the land contract, amounted to a novation, Dolan was not bound. The transaction referred to was this: The three parties were together, and the testimony shows that one of the respondents introduced Dolan to Van Valkenburg, and told him that Dolan was the man he had sold the tract to; whereupon Dolan said: ''After this you can look to me for the rest of your payments on this land.'' . Van Valkenburg replied: ''It makes no difference to me; I will make the deed to whoever pays the money; whoever makes the last payment will get the deed.''

To accomplish a novation in this case it must have appeared that Van Valkenburg had in some way bound himself to accept the personal liability of Dolan for the personal liability of the respondents, and to discharge the respondents of their obligation to him, and this could not be proven by the loose and uncertain talk which occurred between these parties. *In re Sullenberger*, 72 Cal. 549 (14 Pac. Rep. 513).

What did occur would appear to show that Van Valkenburg was not relying upon the personal obligation of the

respondents to any great degree, but rather that he was holding the land as a principal source for his indemnification. This is especially so inasmuch as the contract provided for a forfeiture of the money already paid in case the other payments were not made at the times specified.

Judgment reversed, and cause remanded for a new trial.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.