[No. 1135. Decided March 6, 1894.]

EDISON GENERAL ELECTRIC COMPANY, *Respondent*, v. THE CANADIAN PACIFIC NAVIGATION COMPANY, *Appellant*.

FOREIGN CORPORATIONS — RIGHT TO TRANSACT BUSINESS — CON-
    TRACTS — ACTION ON CONTRACT — INSTRUCTIONS.

Where a foreign corporation fails to register in compliance with the laws of a state, which merely impose a penalty for every day that business is carried on in the state without the corporation's having so qualified itself therefor, and there is no prohibition in the law against the transaction of business nor declaration that contracts entered into prior to such qualification shall be unlawful, the contracts entered into with such foreign corporation before it is authorized to transact business must be held binding.

In an action upon a specific contract to furnish materials and services in the construction of an electric lighting system, for which the defendant agreed to pay a certain price "when the work has been completed and found to be in good working order," an instruction was erroneous which charged the jury that if the contract had been substantially performed and the materials retained, the plaintiff was entitled to recover.

In such a case, an instruction was erroneous which told the jury, in substance, that, if the contract had been substantially performed, and was at the moment of its completion found to be in good working order, the plaintiff could recover, even although events suc-

ceeding the completion of the work established the fact that the result accomplished was not that contemplated by the contract.

In such an action, it is not error to charge the jury that if they find for plaintiff they may include interest, as, the claim of the plaintiff being for a definite, liquidated sum, it would draw interest from the time of beginning the action.

It is not prejudicial error to refuse to give proper instructions in the language of requests therefor, when the court in other instructions substantially covers the same questions.

Where a contract contemplates the services of but one expert, the contractor cannot recover for the services of two experts which he put to work upon the job.

*Appeal from Superior Court, King County.*

*Struve, Allen, Hughes & McMicken,* for appellant.

*Preston, Albertson & Donworth,* and *Burke, Shepard & Woods,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover for materials furnished and labor performed in pursuance of a written contract between the plaintiff and the defendant. Such contract was in substantially the following form:

This agreement made and entered into this 24th day of December, 1890, by and between the Edison General Electric Company, hereinafter called the "company," and the Canadian Pacific Navigation Company, Ltd., hereinafter called the "purchaser."

The terms and conditions of this agreement are such that the company agrees for the sum of three hundred and fifty ($350) dollars, and in consideration of the mutual promises made below, to furnish the following apparatus and material necessary to. change the existing electric light system on board the said purchaser's steamer "Islander" to conform to the Edison system as regards lamps and sockets: 220 Edison key sockets, 220 Edison 16 c. p. lamps, the necessary fittings required to fit with Edison sockets the existing chandeliers and brackets, the necessary wire to renew circuit in stokeroom.

The company will furnish the services of an expert to make the changes from the existing system to the Edison system, to overhaul the wires where necessary, for the sum of five ($5) dollars per day from the time he leaves Seattle until his return, and the necessary living expenses while employed on steamer and during time enroute from and to Seattle, and traveling expenses from and to Seattle.

In case any material not included in this contract is desired, the purchaser agrees to give the company a written order for the same, and a charge for said extras is to be mentioned in said order.

In consideration of the above the purchaser agrees to pay the said company for all material and labor furnished under this agreement when the work has been completed and found to be in good working order.

The answer of the defendant put in issue many of the allegations of the complaint, and alleged by way of affirmative defense 'that the contract in question was made and to be performed in the province of British Columbia; that by the laws of said province a foreign corporation may register in the manner provided, and thus secure practically the rights of a domestic corporation as to the transaction of business in the province; that if it transact business in the province without having so qualified itself it shall incur a penalty not exceeding five dollars for every day during which business is so carried on; that plaintiff company was a foreign corporation, and had not in any manner complied with the provisions of such laws, and that by reason of such non-compliance the contract entered into was void.    These facts were set out in detail in the answer so that the question of the validity of the contract under the laws of said province was fully presented.    The court upon motion struck out one of the paragraphs of said defense, and its action in so doing is the first error assigned by appellant.    This ruling had no effect upon ap-

pellant's rights, and it is not necessary that we should decide as to its correctness.

The next error assigned is founded upon the action of the court in sustaining respondent's demurrer to this affirmative defense. It held that the terms of the law therein pleaded were not such as to make void contracts of foreign corporations that had not complied with its provisions. The only provision in the statute set out in the defense which tended materially to sustain the contention of the appellant was that in which it was provided that for every day that business was done by a foreign corporation without having complied with the statute it should pay a penalty as therein provided.

There is some diversity among the cases in the construction of laws of this kind, but the weight of authority seems to establish the doctrine that it is the duty of the courts to look at the whole statute, and therefrom determine as to what was the intent of the legislature. If by the terms thereof the act is made unlawful, it will usually be construed to amount to a prohibition of said act, and the imposition of a penalty will also amount to a prohibition if from the language used such seems to have been the intent of the legislature. But in the case at bar, while the company is liable to the penalty provided in the statute, there is nothing in the act which in terms prohibits the transaction of business, or declares it to be unlawful, and the particular language of the clause which imposes the penalty has no tendency to establish either of said propositions. On the contrary, its language fairly construed would seem to contemplate that the company might do business without such registration, but if it did it should pay the penalty therein prescribed for the privilege of so doing.

The cases cited by appellant, when applied to the facts of this case, have little tendency to sustain its contention. The investigation which we have been able to give to the

adjudged cases tends to support the statement made by respondent in its brief that a provision like the one under consideration has never been held to render contracts void, though entered into without the authority of the statute. Some of the cases cited by appellant contain expressions to the effect that the imposition of a penalty for the performance of an act is equivalent to declaring it unlawful, but an examination of the facts will show that the provisions which they were construing were clothed in far different language than the one under consideration. The demurrer was properly sustained.

The next error assigned is, that the court erred in giving the following instruction:

"If the jury believe and find from a preponderance of the evidence that the plaintiff furnished the materials and performed the work specified to be furnished and performed in the contract in suit, and in all respects substantially performed all the conditions on its part, and that the defendant retained said materials in its possession and made use of the same and of the fruits of such work performed, and did not return or offer to return said materials to the plaintiff, then the plaintiff would be entitled to a verdict of the jury for the amount of the contract price for said labor and materials specified in said contract."

This error seems to us to be well assigned. There was nothing in the pleadings, or testimony, which justified the court in giving any instruction as to the retention by' the appellant of the materials furnished and the fruits of the work performed under the contract, and such being the fact the instruction in regard thereto had a tendency to mislead the jury. By it they must have been led to suppose that there was some duty on the part of the defendant to have returned the materials if it wished to avoid liability. It is true that the first part of the instruction, which required that the plaintiff should establish the fact that it had substantially done all that was required on its

part, was joined with what was said as to the retention of the materials by the conjunctive "and" instead of the disjunctive "or," and for that reason, in a technical sense, was perhaps not changed thereby to the prejudice of appellants, yet we are not prepared to hold that the jury must necessarily have so construed it. They would be much more likely to take the instruction as a declaration by the court that there was a duty resting upon appellant to return the property, if it would escape liability on account thereof. They would not be likely to assume that what was said about the retention of the property was idle talk on the part of the court.

Beside, when construed in the light of the contract as defined by the court in another instruction, this one is technically incorrect for the reason that by such other instruction the jury are told that if they find that the materials and work were furnished and performed as required by the contract, and that the work was completed and was then found to be or was in fact in good working order, the plaintiff will be entitled to a verdict; from which it will be seen that the court recognized the fact that not only must the contract have been substantially complied with, but that in addition thereto the work must have been found to be in good working order. Hence, the instruction under consideration, investigated in the light of the other, would warrant the jury in concluding that under the law the retention of the materials by appellant would be equivalent to a finding that the plant was in good working order. The jury are told in one of the instructions that, if the work has been substantially performed and the plant found to be in good working order, the plaintiff is entitled to recover, and in the one under consideration, that if the contract has been substantially performed and the materials retained, the plaintiff is entitled to recover. From the two instructions the jury may well have under-

stood that if the contract had been substantially performed, and the benefits thereof retained, the plaintiff could recover regardless of the question as to the plant being found in good working order. Any other construction of the language used would make the two instructions inconsistent.

The next instruction complained of was in the following language:

"If the jury believe and find from a preponderance of the evidence that the materials and work specified in the contract in suit were furnished and performed as required by the contract, and that work was completed and was then found to be, or was in fact, in good working order, then the plaintiff will be entitled to a verdict of the jury for the amount of the contract price specified in the contract, even if the light produced at subsequent times by the operation of the lamps furnished under the contract was not equal to 16 candle power light from each lamp. The defendant is not entitled, under the issues raised upon the pleadings in this action, to any reduction or abatement from the contract price specified in the contract merely by reason of inferior quality of the light produced by the lamps furnished, at times subsequent to the completion of the work, if the jury believe and find from a preponderance of the evidence that at the time of the completion of the work it was found to be in good working order."

This instruction, in substance, told the jury that, if the contract had been substantially performed, and was at the moment of its completion found to be in good working order, the plaintiff could recover, even although events almost immediately succeeding the completion of the work conclusively established the fact that the result accomplished was not that contemplated by the contract. In so doing it construed that clause in the contract which provided that payments should not be made until the plant was found to be in good working order, to relate to its condition at the moment of completion. This was not a fair construc-

tion of that clause in the contract. It was the evident contemplation of the parties that the work should not only be done as provided for therein, but that after it was done there should be reasonable opportunity given and time allowed to have it ascertained as a fact that the plant was found to be in such a condition as to fairly fulfill the object for which it was put in. The plaintiff occupied the position of an expert in determining what was necessary to make the plant perform the work required of it, and upon it was cast the responsibility, not only of putting in the material provided for in the contract, but also that of requiring the defendant to furnish such additional material as was necessary to make the plant reasonably fit for the use for which it was intended. The defendant did not profess any expert knowledge as to the plant to be put in, and relied entirely upon the plaintiff as to what was required. Under these circumstances the contract, when fairly construed, contemplated that there should be full opportunity by actual practical test to determine whether or not the plant was in good working order before the contract price therefor should be paid. This instruction did not put the matter to the jury in that light, and was, therefore, erroneous.

The next instruction as to which error is alleged, is one in which the court instructed the jury that if they found for the plaintiff they might include interest. The claim of the plaintiff was for a definite, liquidated sum, and from the time the action was brought we think it would draw interest, and that the court properly so instructed the jury.

The other errors alleged grow out of the modification by the court of one of the instructions asked by the defendant, and of the refusal to give various other instructions asked by it. In modifying the instruction in reference to the services of an expert the court committed error. The contract contemplated the services of only one expert, and

the plaintiff was thereby in no manner authorized to put two experts to work on the job, and recover for their services at the contract price.

Some of the instructions asked by the appellant and refused by the court correctly stated the law, but the court in other instructions given to the jury substantially covered the same questions, and for that reason it was not reversible error to refuse to instruct in the language of the requests.

The judgment must be reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.