[No. 4782.   Decided January 11, 1904.]

HEBER N. TILDEN, *Respondent*, v. GORDON & COMPANY, *Appellant*.[1]

APPEAL AND ERROR—TRIAL—EVIDENCE—HARMLESS ERROR ON TRIAL *de novo*. It is not error for the trial court where a jury is waived, to receive evidence subject to objection, and make up findings without announcing any ruling thereon, since the cause is tried *de novo* on appeal and reversed only for the rejection of proper testimony, improper testimony being disregarded.

SAME. In a cause tried by a court without a jury, the fact that witnesses undertook to give reasons in support of positive statements, is not objectionable, where they can be separated.

SALES—MADE THROUGH BROKER—ACTION BY DEALER AGAINST PURCHASER. Where merchandise was ordered through a broker, knowing that he would secure it from a dealer, the transaction, when completed, is a purchase direct from the dealer, who may maintain an action against the purchaser.

NOVATION—SUBSTITUTION NECESSARY—SALE OF PERISHABLE GOODS WITHOUT WAIVER OF RIGHTS. Where perishable merchandise shipped to the dealer was rejected on account of quality, and the seller refused to accept a return of the goods, an agreement, pending the settlement, that the same might be sold at the best price obtainable, without waiving the rights of either party, is not a novation, since there is no substitution of one obligation for another.

TENDER—WHEN UNCONDITIONAL—ACCEPTANCE NOT AN ABANDONMENT OF PLAINTIFF'S ACTION—COSTS. A conditional tender of

[1]Reported in 74 Pac. 1016.

money by defendant in full satisfaction of a claim, is waived by bringing the same into court without condition, and its acceptance by plaintiffs, while so unconditionally tendered, does not waive any rights, and cannot be pleaded in a supplemental answer as an abandonment of the right of action, since the tender only affects the question of costs.

Appeal from a judgment of the superior court for King county, Emory, J., entered November 11, 1902, after a trial upon the merits before the court, a jury being waived, upon findings in favor of the plaintiff in an action for the price of goods sold and delivered.    Affirmed.

*Byers & Byers,* for appellant.

*Emmons & Emmons* and *H. J. Granger,* for respondent.

FULLERTON, C. J.—The respondent, plaintiff below, brought this action against the appellant to recover the sum of $389.39, alleged to be due for potatoes sold and delivered by him to the appellant, and the further sum of $42.25, alleged to be due on a balance of account for a certain sale of goods.    The cause was originally tried by the court and a jury, and resulted in a verdict and judgment for the respondent for a part of the amount claimed to be due.    This judgment was reversed by this court in *Tilden v. Gordon & Company,* 25 Wash. 593, 66 Pac. 50, and the cause remanded for a new trial. After the remittitur went down, the appellant obtained leave and filed a supplemental answer, the contents of which will be stated later on.    Issue was taken on this supplemental answer, and a trial had before the court without a jury, resulting in a judgment for the full amount claimed, less the amount of $42.25, which had been paid subsequent to the commencement of the action.

The evidence of the respondent consisted, in part, of depositions, taken upon written interrogatories, pursuant to a stipulation entered into between the parties.    When

these depositions were offered in evidence, the appellant objected to certain of the answers contained therein, on grounds deemed by it sufficient, and moved that the same be stricken therefrom. This motion the court refused to grant, the judge saying that he would not consider, in making up his findings, such of the answers as he deemed inadmissible as evidence; but at no time did he point out to the appellant such of the answers, if any there were, that he deemed thus inadmissible. Counsel argue that the appellant was entitled to know just what evidence was affecting the mind of the court, and that the failure of the court to announce its ruling on the motion was error. Counsel have not, however, made it clear just how their position on this appeal would have been in any way changed had the trial judge announced that he either sustained or denied the motion, nor are we able to understand how such a ruling would have in any way affected their client.

By statute (Bal. Code, § 6520) it is provided that in all "actions legal or equitable, tried by the court below without a jury, wherein a statement of facts or bill of exceptions shall have been certified, the evidence of facts shown by such bill of exceptions or statement of facts shall be examined by the supreme court *de novo,* so far as the findings of fact or a refusal to make findings based thereon shall have been excepted to, and the cause shall be determined by the record on appeal, including such exceptions or statement." This means that this court shall try *de novo* all questions of fact, where the evidence has been preserved and the trial court's findings have been excepted to. This court must, therefore, determine for itself what evidence is, or is not, admissible, regardless of the conclusions thereon of the trial judge. If it finds that proper evidence has been rejected, it will, of course,

send the case back for a rehearing with instructions to admit the rejected evidence. But if improper evidence has been received and considered by the trial court, and an erroneous judgment entered, it will simply disregard the improper evidence in making up its judgment, and direct the proper judgment to be entered. Whether or not, therefore, the trial court errs in admitting or considering evidence is never a live question on appeal in cases triable *de novo* in the appellate court. The question there is, has a correct judgment been entered on the evidence properly before the court? And to merely show that erroneous evidence was admitted, avails nothing.

What is more to the purpose, however, the appellant argues in this same connection that, if the evidence objected to be not considered, there is nothing to support the court's finding of fact to the effect that the appellant purchased the potatoes in question from the respondent. It is not disputed that the question, from whom were the potatoes purchased? was one of the principal issues of the case, and that evidence upon the question was admissible. But it is contended that, because some of the witnesses undertook to give reasons in support of their positive statements, such statements must be rejected. The rule is not so sweeping as this. If the positive statements and arguments can be separated, even though the same may be intermingled in one answer, the positive statements are entitled to be considered, and especially is this the rule where a cause is being tried by a court without a jury.

As to the weight of the evidence on this point, we think the trial court correctly found it to be with the respondent. The transaction was a very common one. The respondent ordered, through a broker, a certain quantity of potatoes, knowing that the broker had none to sell, and

expecting him to purchase them from some dealer who had them. Such a transaction, when completed, is a purchase by the person ordering the potatoes, from the dealer and not from the broker, and the dealer may maintain an action directly against the person ordering them, and to whom they are delivered, for the purchase price.

It is next contended that the court erred in refusing to find that there had been a novation of the contract. The potatoes were purchased in San Francisco, and shipped by steamer to Seattle. When they arrived at Seattle, the purchaser examined them and refused to accept them, contending they were not such potatoes as it had ordered. The respondent refused to acknowledge the appellant's right to reject the potatoes, or accept a return of them. The parties thereupon agreed that the appellant might sell them for the best price obtainable, stipulating specially that such agreement should not be deemed a waiver by either party of his or its rights under the original contract. It is this agreement that is now contended to be a novation of the original contract; but, plainly, it is not so. A novation is the substitution of one obligation for another. Here there was no such substitution. The parties made no new contract, which was to take the place of the original one; the new contract was with reference to a collateral matter, and for the purpose of minimizing, as far as possible, the loss of that party who should be determined to be in the wrong, when the dispute concerning the original contract should be settled.

After the appellant had sold the potatoes, pursuant to the agreement last mentioned, it tendered the amount received to the respondent, who refused to receive it. When it answered to the complaint, the appellant brought the money into court, and again renewed its tender. These tenders, so far as the answer made it appear, were uncon-

ditional, and, on the appellant's theory of the case, could not consistently have been otherwise; as it was then disclaiming ownership of, or any rights in, the potatoes, and any money it received from their sale would, as a matter of course, belong to the respondent. While the pleadings were in this condition, and after he had obtained judgment in the court below, and prior to any appeal being taken therefrom, the respondent obtained an *ex parte* order of the court permitting it, and withdrew the money so deposited. On the reversal of the judgment by this court, the appellant obtained leave and filed a supplemental answer, setting up the fact that the respondent had withdrawn from the registry of the court the tender it had theretofore made; and averred that the tender had been made conditionally—that is, in full satisfaction of any demand, growing out of the transaction concerning the potatoes, that the respondent might have against it; and demanded that the respondent be held to be estopped from a further prosecution of his action.

The trial court held the tender to have been made unconditionally, and this holding is assigned as error. We think, however, that the ruling of the court was right. Whatever may have been the condition attached to the tender, when it was first made and refused, such condition was waived when the appellant brought the money into court and tendered it unconditionally. So long as the money remained in the registry of the court under a tender without condition, the respondent could take it as his own without waiving any of his claims, and his acceptance of it, before it was withdrawn, did not effect an abandonment of his right of action for the difference between the amount received and the amount claimed. An unconditional tender simply affects the right to recover cost. If the plaintiff recovers no more than the

tender, he is not entitled to costs, but he has the tender at all events. It is needless to add that the appellant could not make an unconditional tender, and then, after it had been accepted, convert the tender into a conditional one.

The contention concerning the allowance of interest was determined adversely to the appellant by this court in *Edison Gen. El. Co. v. Canadian Pac. Nav. Co.,* 8 Wash. 370, 377, 36 Pac. 260, 24 L. R. A. 315, 40 Am. St. 910.

The judgment appealed from is affirmed.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.