[No. 5840. Decided March 7, 1906.]

THE CITY OF SPOKANE, *Respondent,* v. PETER COSTELLO et al., *Appellants.*[1]

INDEMNITY—AGAINST JUDGMENT—EVIDENCE—OF PARTY AT TRIAL OF ORIGINAL ACTION—COMPETENCY—HARMLESS ERROR. In an action by a city upon the indemnity bond of a contractor to recover the amount of a judgment recovered against the city, the testimony of the plaintiff in the original action, who died since the trial thereof, is not competent as intrinsic evidence of any fact necessary to be shown outside of the record of the original action, to bind the person liable over to the city as the original judgment debtor; but the admission of such evidence for that purpose is not prejudicial where there is other uncontradicted competent evidence of the ultimate fact sought to be proved, which was admitted without objection.

EVIDENCE—OBJECTIONS—MOTION TO STRIKE. That part of the evidence of a witness is shown upon cross-examination to be derived from hearsay is not ground for striking the whole of the testimony,

1Reported in 84 Pac. 652.

and such a motion is properly overruled where some of the matters testified to were within the knowledge of the witness.

ACCORD AND SATISFACTION—PAYMENT TO CONTRACTOR PENDING SUIT FOR NEGLIGENCE. Where an action has been commenced against the city on account of the negligence of the contractor in failing to guard an excavation in a street, as required by his contract with the city, an accord and satisfaction by the city of any claim it may have against the contractor on account of such action is not shown by a settlement with the contractor for the amount due upon his contract for performing the above work, and the making by the city of final payment two months after the action against the city had been commenced.

PRINCIPAL AND SURETY—INDEMNITY—RELEASE BY PAYMENT TO CONTRACTOR PENDING SUIT—CONTRACTS—CONSTRUCTION. The making by a city of final payment to a contractor upon public work, two months after an action has been commenced against the city to recover for personal injuries sustained through the negligence of the contractor in failing to guard an excavation in the street, and the failure of the city to retain sufficient money to reimburse the city on account of such action, will not have the effect of releasing the surety upon the indemnity bond of the contractor guaranteeing the performance of his contract and saving the city harmless from such a judgment, where the city was not required by the contract to withhold any fixed sum, but the contract simply provided that the city could withhold such sum as the board of public works deemed necessary, and where there is no proof of fraud or collusion on the part of such board.

EVIDENCE—DUE PREPARATION FOR TRIAL—COMPETENCY. A motion for a new trial, filed in a certain action against the city, showing that the corporation counsel was alone familiar with the case, and had been suddenly taken ill, does not tend to show that the city had not made proper preparation for the trial, and is properly excluded when offered in evidence in a subsequent action for the purpose of proving such fact.

CONTINUANCE—RIGHT TO—INSTRUCTIONS. Upon an issue as to whether a person not a party to an action could have obtained a continuance of the trial, it is proper for the court to instruct that the granting of a continuance is largely discretionary, and may be exercised in favor of the real defendant, although not a party of record, when the requirements of justice demand it.

INTEREST—WHEN RECOVERABLE WITHOUT PLEADING. In an action to recover the amount of a judgment paid by an indemnified party, interest is recoverable from the date of the payment up to the time of the trial, although the complaint did not contain any demand for the interest, and the same may be properly included in the verdict.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered October 11, 1904, upon the verdict of a jury rendered in favor of the city, in an action upon a contractor's bond to recover the amount of a judgment recovered against and paid by the city. Affirmed.

*Hamblen, Lund & Gilbert* and *John A. Pierce,* for appellants.

*Fred M. Dudley* and *James M. Geraghty,* for respondent.

Fullerton, J.—In September, 1901, one Philip Born recovered a judgment against the city of Spokane for personal injuries suffered, as he alleged, from a fall into an excavation made in a street of the city which the city had negligently allowed to remain unguarded or otherwise unprotected. The city appealed from the judgment, but the same was affirmed by this court. *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386. After the case was remanded with instructions to carry the judgment into execution, the city paid the judgment, and thereupon instituted this action to recover the amount so paid from the appellants. The complaint of the city contained all the necessary averments to fix liability on the appellants. In brief, it charged that the excavation into which Born fell was dug by the appellant Costello, while in the performance of a contract he had with the city to improve the street on which the accident happened, and that he had, contrary to his contract with the city, negligently left the excavation unguarded and otherwise unprotected; further alleging that the appellant American Bonding & Trust Company was jointly liable with him, because it had executed its bond to the city, by the terms of which it expressly contracted to save the city harmless from any liability it might incur by reason of the negligence of Costello. Issue was taken on the complaint, and a trial entered upon in the course of which the court discharged the jury called to try the case and entered a judgment for the city.

This judgment was reversed by this court, on two grounds: first, because it did not appear in the proofs that the excavation into which Born fell was one made by Costello, and which it was his duty under his contract to guard; and second, that the notice served upon the appellants by the city, giving them notice of the pendency of the action by Born against it, was not served in time to constitute anything more than *prima facie* evidence of "due notice" called for by the contract, and that the court erred in refusing to permit the respondent to show that it was not served in time to enable them to prepare their defense. 33 Wash. 98, 74 Pac. 58. The case was again tried after its remand on the last mentioned appeal and again resulted in a judgment for the city. This appeal is from the judgment last entered.

The provisions of the contract and bond on which the city relies for a recovery are set out in the opinion of the court on the former appeal, and it is unnecessary to set them out again here. We shall proceed, therefore, to examine the assignments of error in the order in which they are argued in the brief of the appellants. On the trial, after showing that Philip Born, the plaintiff in the original case against the city, had died, the respondent offered in evidence certain parts of his testimony given on that trial for the purpose, as stated by counsel, of showing the particular place where he met with the accident, how the accident happened, and the condition of the lights and barriers at the place of the accident. To this the appellants objected on the ground that it was not competent for the purposes offered, as that trial was *res inter alios* and the testimony of witnesses given there could not be independent evidence against them on the trial. The trial court overruled the objection and permitted the evidence to be read. This ruling constitutes the first error assigned.

In *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, where the facts were similar to the case at bar, it was held that the testimony

of witnesses given on the original trial was admissible, along with the entire record, to prove the scope of the thing adjudged in the action in which it was given, but that such evidence possessed no intrinsic proving power, and was not competent to establish a fact necessary to be shown outside of the record to bind a person liable over to the original judgment debtor, even though such person had been given notice of the institution of the action in which the judgment was obtained, and had been requested to take upon himself the defense of it. Under the rule as announced here, it would seem that the evidence objected to was not competent for the purpose for which it was offered. As we said on the former appeal, the judgment roll in the *Born* case failed to show that the excavation into which the injured plaintiff fell was made by Costello, or was one against which he was bound under his contract to guard. This being a fact necessary to be established by evidence having intrinsic proving power, it was error to admit this evidence for that purpose, and reversible error, unless it clearly appears that it was not prejudicial. Passing to the latter inquiry, we are unable to see how the appellants were prejudiced by the evidence. The ultimate fact that it was intended to establish was shown later in the course of the trial by evidence against which no objection was made, or could have been successfully made; and, more than this, no attempt was made by the appellants to controvert the fact that the injury to Born was caused by an excavation which Costello was bound by the terms of his contract to guard against. This being true, it became one of the established facts of the case, and it was not error requiring reversal that incompetent evidence was introduced on the question. *Schwede v. Hemrich,* 29 Wash. 124, 69 Pac. 643; *Lownsdale v. Grays Harbor Boom Co.,* 36 Wash. 198, 78 Pac. 904; *Elster v. Seattle,* 18 Wash. 304, 51 Pac. 394; *Bell v. Spokane,* 30 Wash. 508, 71 Pac. 31.

It is next complained that the court refused to strike out

the evidence of the witness Latimer. This motion was properly overruled, because too broad. The witness plainly testified to some matters that were within his knowledge, and therefore competent, and it was not ground for striking out the whole of his evidence to show, on cross-examination, that a part of the matters testified to were derived from hearsay.

The third assignment is the refusal of the court to grant a nonsuit. This motion was based on the ground that the evidence was insufficient to sustain a verdict or judgment for the respondent. But, without setting out the evidence on which we base our conclusion, we have no hesitancy in saying that the verdict and judgment are sustained by competent evidence on all of the issues.

The contract between Costello and the city contained, among others, the following provisions:

"It is further agreed, that, if in the judgment of the board of public works it shall be necessary to retain a portion of the consideration to be paid by the first party to the second party after the completion of the work under this contract and its acceptance by the first party said first party may retain such amount as said board may deem necessary for such period after the completion and acceptance of said work and the fulfillment of this contract as it may determine. . . .

"Upon the full and complete performance of the terms and conditions of this contract by the party of the second part and the acceptance of the work to be done thereunder by the first party, the party of the first part agrees to pay to the said party of the second part the sum of four thousand dollars ($4,000) in the manner following, to wit, by issuing to the said second party its warrants drawn upon the 'Nora Avenue Improvement Fund, District Number One' in an aggregate amount equal to the total special assessments assessed to and levied upon the lots and parcels of real estate included in the assessment district created in said ordinance No. A 854, passed July 11, 1899, and by issuing to said party its warrants drawn on the general fund, or such other fund as may be hereafter designated by the city council, for the difference between the total amount of the assessments made

as aforesaid and the said sum of four thousand dollars ($4,000) provided that none of such warrants shall be issued until such time as shall be hereafter designated by the city council, and provided further that no warrants shall issue for any portion of the cost of said improvement which has been forfeited to or retained by the first party under the terms of this contract, until such time as the second party may become entitled thereto. Said second party hereby consents to the foregoing and agrees to accept payment for the performance of this contract as above provided."

It appeared from the evidence of the city that some two months after Born had begun his action against the city, it accepted the work done by Costello and paid him the balance due under his contract by drawing warrants on the funds therein specified. It is claimed by the appellants that the act of the city in accepting and paying for the work released both Costello and his bondsman from their obligation to respond to the judgment subsequently recovered by Born. In behalf of both of the appellants it is claimed that such acceptance and payment was a settlement of the matters between them, and that the city is now estopped to claim that the appellants are liable over to it for the judgment recovered by Born; and on behalf of the surety it is claimed that the failure of the city to retain from Costello a sufficient sum to satisfy any judgment Born might recover was a neglect to resort to a fund already in its hands in the very matter for which the appellant was surety, and its surrender constituted a release of the surety.

As to the first contention, the payment could be a defense only on the theory that it was an accord and satisfaction of all the differences between the parties; but plainly there was in this payment no accord and satisfaction. Before payment for the work done could be held to be an accord and satisfaction it would have to be shown that this liability was in contemplation of the parties at the time or that there was a purpose in making such payment to settle all of their mutual

differences. Doubtless the parties could have compromised
their differences, and could have agreed that the payment of
a certain sum from one to the other should be a final settle-
ment between them of all of such differences; but that such
an agreement was entered into is not to be inferred from
the mere fact that a payment was made by the one to the
other. Accord and satisfaction is a special contract, and must
be alleged and proven like other special contracts.

The question of the release of the surety presented by the
second branch of the contention is of more difficulty, but we
think the ruling of the court was correct upon it also. The
cases cited as maintaining the contrary doctrine are distin-
guishable from this case in the fact that the contracts there
under consideration expressly made it the duty of the owner
to withhold of the contract price a specific sum until final set-
tlement between the parties, and the release of the surety
was based on the fact that payment of the entire contract
price had been made after the owner had notice that claims
were made against his property for which the contractor was
primarily liable. In other words, the payment was made in
violation of the express terms of the contract. But here the
facts are different. It will be noticed from the quotation
made from the contract that the city was not required to
withhold any fixed sum, but it is provided that "if in the
judgment of the board of public works it shall be necessary
to retain a portion" of the contract price the city may retain
such amount as the board may deem necessary. The board of
public works therefore was made by the contract the judge
of the necessity of retaining any portion of the contract price,
and their conclusion as to the necessity in any given case must
bind the city and the surety alike, unless it be shown that
there was fraud on the part of the board or collusion between
it and the party in whose favor the decision was made.
Neither fraud nor collusion was alleged or proven. The pre-
sumption therefore is that the board of public works acted
in good faith and in accord with its best judgment in mak-

ing the final payment, and this being true, the surety cannot claim a discharge because of that act. *Mayor v. Brady*, 70 Hun 250, 24 N. Y. Supp. 296.

The fifth assignment of error is based on the ruling of the court refusing to admit in evidence an affidavit asking for a continuance, made and filed in the case of Born against the city of Spokane by A. H. Kenyon, assistant corporation counsel, at the time that case was called for trial. This was offered on the theory that it tended to support the appellants' contention that they had not received due notice of the pendency of the Born action; the argument being that it tended to show that the city had made no sufficient preparation for the trial of the cause, and for that reason a longer time than eleven days (the time between the notice and the day fixed for trial) was necessary to enable the appellants to prepare for trial. But the affidavit in no way supports the contention. As grounds for continuance, it recited that the corporation counsel had personally made the preparations for trial and was alone familiar with the facts of the case, and that he had been taken suddenly ill and was then confined to his bed, and a continuance was asked that he might take part in the trial. This, it is plain, in no way supports the claim that the city had not made sufficient preparation for the trial, and clearly had no probative force as evidence on that issue. It was not error, therefore, to reject it.

After the jury had been permitted to retire to consider of their verdict, it was found necessary to recall them for further instructions on a matter that had been inadvertently overlooked. After this had been concluded, a juror asked the court if it would have been possible for Costello to have secured a continuance of the *Born* case. The court inquired of counsel if there was any objection to his answering the question, and was answered negatively by counsel for both parties; the appellants, however, reserving the right to except to the answer if they deemed it incorrect. The court thereupon answered the question by making an abstract statement of

the law applicable to the granting of continuances. The appellants excepted to the instruction, and now say that the instruction was misleading, apparently for the reason that the appellants could not for any reason have obtained a continuance. But manifestly such is not the rule. The right of the trial court to grant a continuance, is largely discretionary, and may be exercised in favor of the real defendant although not a party to the record whenever the requirements of justice demand it; and the court did not err in assuming that the ordinary rules applicable thereto could have been invoked in that action by these appellants, had they attempted so to do.

The complaint did not contain a demand for interest on the sum paid by the city in satisfaction of the Born judgment. The jury, however, returned in their verdict interest at the legal rate from the time of payment up to the time of trial, and the judgment entered included that sum. The entering of judgment for this interest constitutes the last error assigned. On the question whether or not interest may be recovered without a specific demand therefor in the complaint, the authorities are not uniform, but in a number of states it is held that where interest is the legal consequence of the debt without express stipulation, it may be recovered although not demanded in the complaint; the rule being founded on the principle that interest in such cases is an incident of the debt and a demand for the debt is a demand for both principal and interest. This court has heretofore taken part with the cases holding interest recoverable in such cases, and we see no sufficient reason now to depart from the rule. *Edison General Elec. Co. v. Canadian Pac. Nav. Co.,* 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315; *Tilden v. Gordon & Co.,* 34 Wash. 92, 74 Pac. 1016.

There being no reversible error in the record the judgment will stand affirmed.

MOUNT, C. J., HADLEY, RUDKIN, CROW, and DUNBAR, JJ., concur.