[No. 12234. Department One. April 17, 1915.]

BURWELL & MORFORD, INCORPORATED, *Respondent*, v.
WILLIAM G. BARNES *et al.*, *Appellants.*[1]

APPEAL AND ERROR—QUESTIONS OF FACT—CONCLUSIVENESS. Where the evidence is conflicting, the findings of the lower court ought not to be disturbed on appeal, unless contrary to the preponderance of the evidence.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. A new trial on the ground of newly discovered evidence is properly denied, where the evidence consisted of the testimony of an attorney who had represented defendants in a transaction involving the question of agency in the case and afterwards removed from the city, and which was as much in their power to produce at the time of the trial as it would be in case of a new trial.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 14, 1914, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

[1]Reported in 147 Pac. 657.

*Preston & Thorgrimson* (*F. E. Sansom*, on the brief), for appellants.

*Reeves Aylmore* and *Kerr & McCord*, for respondent.

MORRIS, C. J.—This is one of those cases where the opinion is of no value except to those directly interested, since the only question to be decided is one of fact. Was the appellant acting through an agent?

The facts upon which the decision must rest are somewhat complicated, involving much conflicting testimony. If the testimony of J. A. Wakefield, the alleged agent, is true, there can be no question as to his agency, and the lower court so found. The testimony upon this point is so sharply in conflict that it passes beyond the point of mistake, forgetfulness or inadvertence. Plainly some one has placed the dollar above the truth. Amid such a mass of conflicting statements as this record presents, it is difficult to ascertain the truth, and for this reason the finding of the lower court should not be disturbed, unless we can say, upon the whole case, the preponderance is the other way. We have read not only the abstract, but the entire statement of facts in an endeavor to reach the right conclusion, and having done so, we are not satisfied that the evidence preponderates against the findings. Having reached this conclusion, the findings will be sustained.

Appellants urge that, even if we should find against them on the question of agency, the acts relied upon to sustain the findings in one essential were unauthorized and without ratification. To our mind the question of ratification, insofar as we find it here involved, is clearer and more satisfying in favor of the findings than is the primary one of agency.

A new trial is asked for upon the ground of newly discovered evidence. This evidence is from one of the attorneys who represented appellants at the time of the transaction, but who had removed from Seattle at the time of the trial. We do not think the showing is sufficient. There is no good reason why this attorney's evidence should not have been

procured at this trial, as it is clear from the complaint that the respondent was relying upon the alleged agency of Wakefield. This issue being tendered, appellants should have met it in the first instance, and cannot now be given a second trial in order to introduce evidence which was clearly within the issues they were called upon to meet at the first trial, and which was as much within their power to produce then as it would be in case of a new trial.

The judgment is affirmed.

MOUNT, PARKER, CHADWICK, and HOLCOMB, JJ., concur.