[No. 18343. Department One. March 20, 1924.]

S. S. Oium, *Respondent*, v. Evelyn G. Fillion, *Appellant*, Jeannette I. Flenner, *Defendant*.[1]

Appeal (418)—Review—Findings. Findings will not be set aside on appeal where the evidence is completely contradictory and the trial court could well have found in favor of either side had he believed one side more entitled to belief than the other (Pemberton, J., dissenting).

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 28, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Carkeek, McDonald, Harris & Coryell,* for appellant.

*L. A. Michelson,* for respondent.

Per Curiam.—Appellant, owning a lease in Seattle on the Olive Apartments, on February 21, 1922, concluded negotiations for the sale of the lease and furniture in the apartments to defendant Fillion, possession to be delivered March 1, 1922. At the time of making the sale, appellant was indebted to respondent for furniture in the sum of $448.50. This action was brought by respondent to recover $398.50, fifty dollars having been paid by defendant Flenner after she took possession.

Appellant claims that, when she contracted to sell the apartments on February 21, 1922, respondent released her from the debt and agreed to look only to the defendant Fillion for the payment thereof.

Respondent denied this novation, and appellant having alleged it as an affirmative defense, properly assumed the burden of proof.

"To accomplish a novation in this case it must have appeared that Van Valkenburg had in some way bound

[1]Reported in 223 Pac. 1060.

himself to accept the personal liability of Dolan for the personal liability of the respondents, and to discharge the respondents of their obligation to him, and this could not be proven by the loose and uncertain talk which occurred between these parties." *Osburn v. Dolan,* 7 Wash. 62, 34 Pac. 433.

The testimony is in sharp conflict. The record shows that appellant claimed she insisted that respondent should not look to her for the rest of the payments, but must look to the purchaser, and that respondent agreed that he would. Respondent testified that he said it made no difference to him, that all he wanted was the money or the furniture; "that whoever made the last payment would get the 'deed.' "

While the evidence is conflicting, and there are more witnesses on the side of appellant, yet the trial court, who heard and saw the witnesses, stated that he did not think the evidence sufficiently clear and convincing to show that the plaintiff assented in any way to the alleged substitution; and gave as reasons why the evidence was not clear and convincing that creditors as a rule do not agree to substitution of that sort and the release of the existing debtor, and intimated that evidence to that effect was somewhat improbable, and the burden of proof being on appellant to prove the nova-tion, he did not think the burden had been met by clear and convincing evidence.

The record has been fully examined, and there the evidence being flatly contradictory, and the trial court could well have found in favor of either side had he be-lieved one side more entitled to belief than the other. In such a situation, we cannot set our judgment of the credibility of witnesses against that of the trial judge, who heard and saw them and is in better position to de-termine than we on which side the evidence should pre-ponderate. *Burwell & Morford v. Barnes,* 85 Wash.

153, 147 Pac. 657; *Westfield v. Marble,* 103 Wash. 213, 173 Pac. 1090.

We are therefore unable to disturb the findings and judgment of the trial court.

Affirmed.

PEMBERTON, J., dissents.