[No. 19242. Department One. June 24, 1925.]

R. H. KARATOFSKI, *Plaintiff*, v. S. W. HAMPTON *et al.*, *Appellants*, INDUSTRIAL LOAN AND INVESTMENT COMPANY, *Respondent*.[1]

EVIDENCE (160)—PAROL TO VARY WRITING—CONTRACTS—NATURE OF LIABILITY. A written contract for the sale of timber signed by the purchasers and expressly reciting that it was between them and the owners, makes them parties as principals, and cannot be varied by parol evidence that they signed only as sureties.

HUSBAND AND WIFE (29)—WIFE'S SEPARATE ESTATE—EXECUTION OF CONTRACT. Where a husband and wife signed a contract for the purchase of timber as individuals, the wife's separate estate is liable thereon.

NOVATION (2)—NATURE AND ELEMENTS—SUBSTITUTION OF NEW OBLIGATION. There is no novation, or superseding of a contract for the purchase of timber, by the execution of a subsequent contract by part of the parties under an express agreement that it should not impair the obligation of the contract of purchase; since the parties were not the same and there was no extinguishment.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 7, 1924, in favor of the plaintiff and intervener, in an action to foreclose loggers' liens, tried to the court. Reversed.

*A. H. Denman,* for appellants.

*Stiles & Latcham,* for respondent.

MAIN, J.—The plaintiff, R. H. Karatofski, brought this action to foreclose certain loggers' liens which had been assigned to him. The Industrial Loan and Investment Company filed a complaint in intervention seeking foreclosure of a stumpage lien and a general judgment. The trial court sustained the right to foreclose the loggers' liens, denied foreclosure of the claimed stumpage lien, and entered a general judgment in favor

[1] Reported in 237 Pac. 17.

of the Industrial Loan and Investment Company for the sum of $1,770.95 and against S. W. Hampton and Hildegard Hampton, his wife, as well as against certain of the defendants. This was both a joint and several judgment against the community and against Hampton and wife individually. The appeal is by Hampton and wife. The issue is whether the respondent, the Industrial Loan and Investment Company, was entitled to any judgment against them, and, if so, in what amount.

The facts may be summarized as follows: The respondent was the owner of a certain quarter section of timber land in Pierce county. The Orting Lumber Company, a corporation, was the owner of a sawmill located at Orting in that county. On March 23, 1923, the respondent contracted to sell the quarter section of timber land to the Orting Lumber Company and to S. W. Hampton and wife. The agreement recites that the parties of the second part are the "Orting Lumber Company, a corporation organized under the laws of the state of Washington, with its principal place of business at Orting, Pierce County, therein, and S. Wade Hampton and Hildegard Hampton, his wife." The purchase price was $4,850 and was to be paid at the rate of $808.35 per month. From the timber cut from the land covered by the contract it was agreed that $3 per thousand feet should be applied to the payments which the contract called for. The language of the contract on this matter is as follows:

"And it is Further Agreed between the parties hereto that in consideration of the premises the parties of the second part will immediately begin to remove the timber from the property hereinbefore described and shall pay to the party of the first part the sum of Three ($3.00) Dollars per thousand feet therefor, which amount shall be applied by the party of the first part upon the purchase price of said land and timber."

This agreement was signed as follows: "Industrial Loan & Investment Company, By J. G. Newbegin, its President. Attest Elva R. Schroeder, Its Secretary. Orting Lumber Company, By S. Wade Hampton, Its President. Attest W. E. Hampton, Its Secretary. S. Wade Hampton. Hildegard Hampton."

Sometime thereafter the Orting Lumber Company leased its sawmill to G. L. Knapp and B. Gerber, and on October 31, 1923, entered into an agreement with Knapp and Gerber relative to making payments upon the Industrial Loan and Investment contract out of the proceeds of the lumber shipped from the mill. Hampton and wife were not parties to that contract. The venture was not proving successful and the payments upon the original contract of purchase from the Industrial Loan and Investment Company not having been kept up on March 20, 1924, a third contract was entered into between the Orting Lumber Company and Knapp and Gerber. This contract was consented to by the Industrial Loan and Investment Company under an express agreement that it should not impair the obligations of the Orting Lumber Company on the contract of purchase. Hampton and wife were not parties to this third contract. The agreement had for its purpose the logging of the land, sawing the logs into lumber and selling the same and applying certain of the proceeds in payment on the Industrial Loan and Investment Company's contract.

To the complaint in intervention the appellants made two defenses, first, that they signed the original contract as sureties; and second, that by virtue of the third contract the original contract had been superseded and they were discharged from liability. Upon the trial the appellants sought to establish by oral testimony that it was the intention, at the time they signed the original agreement, that they should be con-

sidered as sureties and not as principals. This is out of harmony with the express recital in the contract as above quoted which makes them parties as principals. It is also out of harmony with the legal effect of their signing the contract individually. To hold that the appellants could by oral testimony dispute the recital in the contract and the legal effect of their signing individually would be a violation of that rule of evidence which provides that a written contract cannot be varied or modified by oral testimony. There is the further contention that Mrs. Hampton is not liable individually. She signed the contract individually, and it follows from this that the judgment rendered against her in that capacity was proper. In *Northern Bank & Trust Co. v. Graves,* 79 Wash. 411, 140 Pac. 328, it was said:

"The wives, in signing this instrument, must have intended that act to have some effect rather than none. *Toon v. McCaw,* 74 Wash. 335, 133 Pac. 469. Such also must have been the intention of the appellant in requiring their signatures. The fact that the wives made themselves parties to the note by signing it raises a presumption, not rebuttable by parol evidence, that they intended to bind themselves personally. . . . We are thus committed to the doctrine, which it would seem must, in any event, necessarily follow from the removal of the wife's common law disability to contract, that a wife's signature to a contract imports the same obligation as the signature of any other person, namely, that a judgment may be taken against her for her failure to perform, and that her separate property may be taken in execution to satisfy the judgment."

The next question is whether the original contract was superseded by the third which the Industrial Loan and Investment Company consented to. As stated, the appellants were not parties to this contract. Its purpose was not to extinguish the prior obligations but to accomplish their fulfillment. At least two of the

essentials of novation are lacking. The parties to the third agreement were not the same as those to the first and there was not an extinguishment of the prior contract. 29 Cyc. 1130.

The appellants contend further that the judgment against them, in any event, is too large. The findings recite that, under the first contract, logs were removed from the land "in the sum of $1,387.97," and "logs in the value of $382.98" were removed under the third contract. The liability of the appellants was measured by the terms of the first contract, that being the only one which they signed. The extent of this liability was $3 per thousand for the timber cut and removed.

There is some contention on the part of the appellants relative to the rulings of the trial court in settling the issues upon the complaint in intervention. But without reviewing the agreement it may be said that the record fails to show that the appellants were prejudiced by any ruling that the trial court made in this regard.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment as herein indicated.

TOLMAN, C. J., BRIDGES, and ASKREN, JJ., concur.