[No. 20935.   Department Two.   February 6, 1928.]

PACIFIC STATES SECURITIES CORPORATION, *Appellant,* v. JOHN A. AUSTIN, *Defendant,* C. F. KLOPFENSTEIN, *as Administrator, Respondent.*[1]

[1] CHATTEL MORTGAGES (1, 18) — DISTINGUISHED FROM SALE — EXECUTION—AFFIDAVIT OF GOOD FAITH. A bill of sale, absolute on its face, but intended as a security, is a chattel mortgage, and void as to creditors of the mortgagor, as expressly provided by Rem. Comp. Stat., § 3780, where it was not accompanied by an affidavit of good faith.

[2] NOVATION (2, 7)—SUBSTITUTION OF NEW OBLIGATION—EVIDENCE. A novation is shown within the rule that there must be (1) a previous valid obligation, (2) an agreement of all parties to a new contract, (3) an extinguishment of the old contract, and (4) the validity of the new one, where a chattel mortgagor, being in arrears, gave a bill of sale of the mortgaged and other property to the president of the mortgagee, in satisfaction of the mortgage debt and other debts to the president personally, who guaranteed payment of the old debt to the mortgagee, the bill of sale being intended as security for the payment of the mortgage indebtedness and other debts due to the grantee therein; there being new contractual relations between all the parties.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered May 23, 1927,

[1] Reported in 263 Pac. 732.

upon findings in favor of a defendant, claiming a prior lien, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*Frank P. Christensen,* for appellant.

*Thos. L. O'Leary,* for respondent.

HOLCOMB, J.—On January 10, 1925, defendant Austin was the owner of a truck and trailer, which he on that day mortgaged to one Raynor for a certain sum of money, and subsequently Raynor assigned the note and chattel mortgage to appellant. This chattel mortgage was a renewal, or substitution, of another chattel mortgage on the same property for a larger sum of money, which in turn was also a renewal, or substitution, for still another chattel mortgage for a still larger sum of money upon the same truck and trailer. In addition to the amounts due on the chattel mortgage, appellant had paid out certain sums of money in order to protect the property which had been mortgaged by Austin.

Subsequent to the execution of the chattel mortgage sued on here, respondent, as administrator of the estate of John H. Murray, deceased, obtained a judgment against Austin in the sum of $10,000, in the superior court for Thurston county, on June 14, 1926, on which there remained unpaid, at the time of the judgment in this case, a sum in excess of $9,000. Respondent sued out a writ of execution on his judgment against Austin and caused the sheriff to levy thereunder upon the truck and trailer mentioned herein; and thereafter, in order to prevent a multiplicity of actions, it was stipulated that appellant should bring an action upon its alleged chattel mortgage and debt, for the foreclosure and collection thereof, and the rights of both parties hereto might be determined by the court. Austin, by answer, admitted the allegations of appel-

lant's complaint and confessed judgment in the full amount prayed for.

Issues were joined between appellant and respondent, and the court, after hearing the testimony, found that the interest of respondent was superior to that of appellant. The court also found that the indebtedness mentioned in the complaint of appellant had been paid in full by a bill of sale, executed by Austin to one Johnson, on August 27, 1925 (Johnson, at the time of the execution thereof as well as at the time of the trial of the action, being president and active manager of appellant), and that, with the knowledge and consent of the directors of appellant, he took the bill of sale in payment of all indebtedness theretofore existing between appellant and Austin and wife. Findings, conclusions and judgment were thereupon entered, holding and adjudging that the respondent has an interest in the truck and trailer superior to that of appellant.

The indebtedness owing by Austin to appellant originated on July 26, 1921, when he purchased the truck and trailer, at that time executing his promissory note in the sum of $2,976, for the balance owing on the purchase price. He then, also, executed a chattel mortgage to secure the same. That mortgage was originally payable to the American Automobile Company and was by it assigned to appellant, who filed the same for record with the county auditor of Thurston county within the time allowed by law, which mortgage is still unsatisfied of record, and which note was still in the possession of appellant at the time of the trial of this case.

On July 18, 1922, the indebtedness for this truck and trailer was re-financed, Austin giving appellant a new note and mortgage on that date for the remainder due, $1,866. This mortgage was also duly filed for record

with the county auditor and has never been satisfied. That note was also in the possession of appellant at the time of this trial.

On January 10, 1925, the indebtedness was again refinanced by the execution by Austin of a new note and mortgage for the remaining debt of $682. This mortgage was likewise duly filed for record and has never been satisfied, and the note therefor was still in the possession of appellant, not marked paid, at the time of this trial. This last note and mortgage are those in suit herein.

On August 27, 1925, Austin, with the knowledge and consent of the directors of appellant, executed a bill of sale to the truck and trailer, and also to a donkey engine and certain logging equipment, to Johnson, president of appellant, which bill of sale recited a consideration of $1,500, and represented the total indebtedness owed by Austin, both to appellant and to Johnson personally. The indebtedness to appellant was $682 and interest and other items which appellant had been compelled to pay out; and the indebtedness to Johnson was about an equal amount for moneys payable to him from Austin. At the time of the execution of the bill of sale, Austin was delinquent in all his payments to appellant, and appellant was insisting upon foreclosure of its chattel mortgage. Johnson therefore procured Austin to make the new arrangement, re-financing the transaction, and with the full approval of the directors of his corporation. The bill of sale mentioned is an ordinary bill of sale, which was, on the day of its execution, filed for record with the county auditor of Thurston county at the request of appellant.

The trial court found that the indebtedness mentioned in the complaint of appellant had been fully paid by the bill of sale executed by Austin to Johnson;

that the bill of sale was a chattel mortgage, though executed in the form of a bill of sale, and that, as such chattel mortgage, it was fatally defective as to respondent, because it lacked the affidavit of good faith required by law. For these reasons it held that the interest of respondent in the truck and trailer, arising out of his levy thereon by virtue of his execution against Austin, was superior to appellant's therein. From such findings and judgment, this appeal is prosecuted.

[1] At the outset, we find that the finding of the trial court that the bill of sale was taken as security by Johnson from Austin is fully sustained by the evidence of Johnson himself.

The above finding being conclusive as to the nature of the bill of sale transaction, the law is well settled that a bill of sale, absolute upon its face, will be held to be a chattel mortgage, where the parties intended it as security. *Miller v. Ausenig,* 2 Wash. Terr. 22, 3 Pac. 111; *Olsen v. Legal Adjustment Bureau,* 142 Wash. 446, 253 Pac. 643.

Section 3780, Rem. Comp. Stat. [P. C. § 9747], provides:

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, . . ."

Consequently, by virtue of the statute, there being no affidavit of good faith attached to the instrument denominated a bill of sale, and it evidently being taken as security for the debt due appellant and Johnson, although valid as between Austin and appel-

lant, it was void as to respondent at the time the execution was levied upon the truck and trailer under respondent's judgment. *Hicks v. National Surety Co.,* 50 Wash. 16, 96 Pac. 515, 126 Am. St. 883.

[2] Appellant's contention is that the trial court fell into error in applying the rule of novation, when no novation had been proven and all the testimony negatived the idea of novation. The definition, as found in 29 Cyc. 1130, is relied upon, as follows:

"In every novation there are four essential requisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one. A novation is a new contractual relation. It is based on a new contract by all the parties interested; . . . "

See, also, *Clark v. Billings,* 59 Ind. 508; 5 Words and Phrases, 4848; *Osburn v. Dolan,* 7 Wash. 62, 34 Pac. 433; *Sutter v. Moore Inv. Co.,* 30 Wash. 333, 70 Pac. 746; *Tilden v. Gordon & Co.,* 34 Wash. 92, 74 Pac. 1016; 20 R. C. L. 366, §§ 7, 8; *Karatofski v. Hampton,* 135 Wash. 139, 237 Pac. 17.

It is argued that, taking this contract by the four corners, we have a contract brought about by taking security from a man in failing circumstances, doing such things as good business required to keep him going so as to pay off his obligations, which cannot be deemed to be the substitution of a new contract for an old one; that it was merely the enhancement of the security that was contemplated and all that was accomplished. It is then asserted that the evidence meets not more than one of the four requirements of a novation, and the admitted facts do not measure up to the requirements of taking the security it had away from appellant.

Under the facts in the record and the findings of the

court, it is obvious that the new contract, in the form of a bill of sale, was intended by both parties merely as security; Johnson, president of appellant, himself said that *he guaranteed* the payment of the old indebtedness remaining due to appellant, but that the bill of sale was taken, conditioned in itself that it was free of all defects and encumbrances, "except such mortgages as now are on file in Thurston Co." But there were three mortgages of record in Thurston county upon a part only of the chattels included in the bill of sale, namely, the truck and trailer. The donkey engine and logging equipment were not encumbered by the three previous chattel mortgages. Manifestly, also, according to the record, the first two chattel mortgages had been renewed or substituted by the last chattel mortgage, none of them, however, being satisfied of record.

Whatever the trial court may have intimated as to the transaction constituting a novation, it did, in fact, find that the bill of sale was in effect a chattel mortgage and that it was void as to respondent. It was intended to be, and was, a substitution for the previous unsatisfied chattel mortgage, which would have been foreclosed, had it not been given. Under our statute and the decisions above cited, there can be no question as to the correctness of that determination.

The president of appellant, who was the only witness examined at the trial, and also the only witness examined at a previous hearing in supplemental proceedings under respondent's judgment against Austin, expressly admitted that the bill of sale was taken as security. He also admitted the sale of the donkey engine and logging equipment for $1,200, and that the value of the truck and trailer was in the neighborhood of $1,100 or $1,200.

Under the evidence and findings, even if the trial court determined the question upon the theory of a novation, there can be no doubt in this case that there was (1) a previous valid obligation to appellant; (2) an agreement of all the parties concerned in that matter, namely, Austin, appellant and Johnson, as an individual, to the new contract; (3) an extinguishment of the old contract in favor of appellant; and (4) the validity of the new one; that is, the bill of sale as security, or in effect a chattel mortgage as between Austin, appellant and Johnson. There was manifestly a new contractual relation between all those parties, for which reason the case of *Karatofski v. Hampton, supra,* does not apply.

*Osburn v. Dolan, supra,* held that a novation was not established by mere conversations which led to no definite arrangement. *Sutter v. Moore Inv. Co., supra,* held that a novation was established because there was evidence of a new, independent promise by one to pay the debt of another, which, in principle, bears some resemblance to this case. *Tilden v. Gordon & Co., supra,* held that a novation was not established because there was no evidence of substitution of one obligation for another, as there is here.

The judgment of the trial court is right, and is affirmed.

Mackintosh, C. J., Main, and Askren, JJ., concur.