HENRY MILLER *vs.* JOHN AUSENIG AND MARIA AUSENIG.

A deed absolute upon its face will be treated as a mortgage when such is shown to be the intention of the parties.

Appeal from the Second Judicial District, holding terms at Kalama.

*Wm. Strong & Son* for Appellants.

A court of equity should only interfere to declare a deed absolute upon its face to be a mortgage, where the grounds of interference are established clear of doubt.  *Campbell* v. *Dearborn*, 109 Mass. 130; 12 Amr. Repts. 671; 2 Wharton's Law

Ev., Secs. 932–1032–1057; Leading Cases in Eqt. (4 ed.), vol. 2, pt 1, p. 965—vol. 2, pt. 2, pp. 2001–2; Binup on Fraudulent Conveyances, pp. 584–6, 568; *Fifield* v. *Gaston*, 12 Iowa, 218; *Cunell* v. *Hull*, 22 Mich. 377.

*Robb & Fulton* for Appellees.

As to when a deed absolute on its face should be held a mortgage. Jones on Mortgages, Sec. 321; *Fuller* v. *Parrish*, 3 Mich. 211; *Kent* v. *Agord*, 24 Wis. 378; *Kellum* v. *Smith*, 33 Pa. St. 483; *Despord* v. *Walbridge*, 15 N. Y. 374; *Johnson* v. *Sherman*, 15 Cal. 287; *Jackson* v. *Lodge*, 36 *Id.* 28; *Hurford* v. *Harned*, 6 Oregon, 362: *Fessler's* Appeal, 75 Pa. St. 483.

*Opinion by Hoyt, Associate Justice.*

This is an action brought by the plaintiff, against the defendant, for the purpose of having a deed of certain lands and a bill of sale of certain personal property, made by the plaintiff to the defendant, declared to be mortgage given for the purpose of securing to the defendant the repayment of a certain sum of money alleged to have been by him loaned to the plaintiff, and for an accounting between the parties in relation to said alleged loan.

The only point made by the counsel for the appellant, in this Court, is as to the sufficiency of the proofs to warrant the Court in finding that said deed and bill of sale were, when made, intended by the parties thereto as security for the repayment of a sum of money then loaned to the makers thereof, instead of an absolute deed and bill of sale, as they on their face purported. There is no question made as to the law applicable to the case, nor as to the claim of plaintiffs that the deed and bill of sale were each a part of the same transaction, and that upon the question of whether or not they were intended by the parties as absolute conveyances, as appeared upon their face, they must stand or fall together. The evidence in the case upon this one question of fact, which we are called upon to decide is somewhat conflicting, and in some respects not entirely satisfactory to our minds; yet when viewed in the light of the circumstances surrounding the case, we think that it sufficiently establishes the facts connected with the making of the instru-.

ments in question, to enable us to apply the law of the case applicable thereto, and thereby determine the legal effect of said instruments.

At the time of the making of these instruments, the land, conveyed by the deed in question, was about to be sold by virtue of proceedings taken to foreclose a mortgage thereon given by the said plaintiffs, and it is conceded by defendant that the only consideration which he gave for the property described in said deed and bill of sale was the payment of the amount due upon the decree in said foreclosure suit, and his agreement to allow the plaintiffs to remain in possession of the premises for one year. From which it follows, that, if the theory of the defendant as to this transaction be true, then the plaintiffs for the use of said premises for a period of something less than six months (for if the land had been sold under the foreclosure proceedings they would have had six months or more in which to redeem, during which time they would have been entitled to possession,) were willing to and did convey to him the right to redeem said premises during said period of six months or more, and also stock and other personal property valued by them at about eight hundred dollars, and this in the face of the fact conceded by the defendant, that the use of said premises with all of said personal property upon it was only worth about three hundred dollars per year. Was such a transaction, as this is claimed by the defendant to have been, such an one as plaintiffs would have been likely to have entered into, in the light of the circumstances above set forth? We think not; while upon the other hand, the claim of plaintiffs that the payment of said money by defendant was in the nature of a loan to them which they were to repay with interest, and that said deed and bill of sale were given by them to secure such repayment, was in our opinion an entirely reasonable one when we take into consideration the further fact which fully appears in the case, that at the time of said transaction the plaintiffs and defendant were warm personal friends.

Now, interpreting the testimony upon the one question urged upon our consideration, in the light of the surrounding

circumstances as above outlined, we are of the opinion that it sufficiently appears therefrom that the said transaction was not at the time intended or understood by the parties thereto as an absolute sale of the said land and said personal property, but rather as a loan of said sum of money paid by defendant to redeem plaintiff's said land and the giving of said deed and bill of sale as security for the repayment thereof with interest thereon.

And the intention of the parties being as above stated, it is conceded by counsel, and such we understand clearly to be the case, that the law would make said instruments, so given as security, simply mortgages, however absolute they are, on their face, purported to be. It is therefore our opinion, that the Court below was justified by the evidence in the case in holding said deed and bill of sale (though absolute on their face) to be in fact only mortgages, and as such entitled to be treated; and as this is the only question raised here it follows that the decree of the lower Court must be affirmed with costs. Let the decree of the District Court be affirmed with interest and a judgment entered here for the costs of this Court in favor of said plaintiffs and against said defendant, and the cause remanded to the District Court, with instructions to carry into effect the decree herein rendered, in said Court from which their appeal was taken.