[No. 20251. Department Two. February 25, 1927.]

ALBERT C. J. OLSEN, *Respondent,* v. LEGAL ADJUSTMENT BUREAU, INCORPORATED, *et al., Appellants.*[1]

[1] CHATTEL MORTGAGES (1)—SALES (170)—DISTINGUISHED FROM CONDITIONAL SALES—VALIDITY. It not being the office of a bill of sale to secure money loaned, title to an automobile truck is not acquired by a bill of sale to the lender, who on the same day gave a conditional sale back to the borrower, where it appears that the purpose of the transaction was to secure a loan of two hundred fifty dollars and that the truck was left in a garage in which the lender had space, giving him access to the truck which was never actually delivered or in his actual possession.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 15, 1926, upon findings in favor of the defendants in an action in replevin, tried to the court. Reversed.

*Mark M. Litchman,* for appellants.

*Chas. W. Johnson,* for respondent.

¹Reported in 253 Pac. 643.

TOLMAN, J.—The appellant being a judgment creditor of one M. E. Link, under execution duly issued, caused the sheriff of King county to levy upon a certain Dodge automobile truck, and thereafter upon due notice a sheriff's sale was had and the judgment creditor became the purchaser of the truck. Following such purchase, the respondent, as plaintiff, brought this action to recover the value of the truck, alleging, among other things, that on February 17, 1925, he was the owner of the truck, that on that day he sold and delivered it to Link under the terms of a certain conditional sales agreement, reserving title in himself until the purchase price of two hundred dollars was paid. This instrument was alleged to be on file in the office of the county auditor, but it later appeared that it was not filed until the day preceding the sheriff's sale. The complaint proceeds to allege a wrongful taking and conversion, a demand and refusal, that the value of the truck was two hundred fifty dollars, and the prayer is for judgment in that amount. The answer consisted of denials, general and specific. The case was tried to the court sitting without a jury, resulting in findings in harmony with the allegations of the complaint and a judgment as prayed for. From this judgment, the defendants have appealed.

[1] The facts are short and simple. Perhaps a month prior to the transaction out of which respondent claims his title arose, Link purchased the truck from one Tuski, who operated a garage and did automobile repairing. On February 17, 1925, Link took the truck to Tuski's garage to have it repaired. Respondent was a battery man and had space for his business in Tuski's garage. According to the statement of facts, respondent testified:

"I have known Mr. Link for some time and about the 17th day of February, 1925, Link was in possession of

a Dodge car used as a bakery delivery wagon; that Mr. Link needed some money to finish paying for the car and to make certain repairs upon the car and he agreed to sell the car to me for $250. The car was then in the Campus Auto Service Garage where I had space and was subject to my possession. I agreed with Mr. Link that I would pay him this money and would give him a conditional sales contract on the car so that he could buy it back."

And again:

"I never had any other dealings with Link and I was the owner of the car in question. At the time it was taken and converted, it was in the garage where I had space and was practically in my possession."

On cross-examination, he said:

"I told Mr. Litchman the car was mine; that I loaned Link the sum of two hundred fifty dollars taking the car as security. Mr. Link paid me the sum of fifty dollars some time during the month of March and we had no definite agreement as to when he had to pay the balance."

Outside of the written instruments, both dated February 17, 1925, one being a bill of sale absolute in form from Link to the respondent, the other being the conditional sales agreement hereinbefore referred to, this is all of the evidence in any way tending to establish that respondent was an actual, *bona fide* purchaser of the truck or that he was ever in possession of it. The written instruments are in the usual form, except that the conditional sales agreement recites the payment of fifty dollars down on a purchase price of two hundred fifty dollars and the giving of a note for two hundred dollars, due in six months, which, it is said, is accepted as additional evidence of indebtedness and not as payment.

In treating of such conditions, it is said in 24 R. C. L. 444:

''Where the seller remains bound for the repayment of the money advanced this is an incident, in doubtful cases, strongly tending to show that a mortgage only was intended. Where the transaction has its origin in a borrowing of money this also tends to show that the subsequent transaction though in the form of an absolute sale with the right of repurchase was in fact intended as a mortgage.''

However that may be, we think the testimony of respondent himself shows that he never took actual possession of the car, that the purported transfer of title to him was intended simply as security for a loan then made, and even though a written bill of sale was taken, which was not done in the case of *Lyon v. Nourse,* 104 Wash. 309, 176 Pac. 359, still that case is absolutely decisive of this, and in accordance with the doctrine there announced the judgment must be reversed.

The judgment appealed from is therefore reversed with directions to dismiss the action with prejudice.

MACKINTOSH, C. J., BRIDGES, PARKER, and ASKREN, JJ., concur.