[No. 21029. *En Banc.* June 13, 1928.]

### B. MAHON *et al., Respondents,* v. O. M. NELSON, *Appellant,* E. E. WILSON *et al., Defendants.*[1]

[1] CHATTEL MORTGAGES (18)—SALES (168)—CONDITIONAL SALES AS SECURITY. A conditional sales contract of logs, made by one who merely loaned the money to finance the purchase of the logs for cash, under an agreement for the return of the money and interest, is in fact a chattel mortgage, and inferior to laborers' liens, where it was not executed and filed for record as a chattel mortgage.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered June 17, 1927, upon findings in favor of the plaintiffs in an action to foreclose laborers' liens. Affirmed.

*O. M. Nelson,* for appellant.

*W. H. Abel* and *A. P. Wilson,* for respondents.

ASKREN, J.—Wilson and Besecker are engaged in the sawmill business in Grays Harbor county. They negotiated with one Briscoe for a raft of logs he was

[1]Reported in 268 Pac. 144.

desirous of selling. He refused to sell the logs except for cash. They thereupon went to appellant Nelson, an attorney at law, who advanced the necessary money and executed a conditional sales contract to the logs from himself to Wilson and Besecker. Nelson was to have fifty cents a thousand for financing the deal, and eight per cent on his money. The logs were manufactured into lumber and twenty-one laborers liened the lumber for their services. The liens remaining unpaid, this action was instituted.

[1] The issues in the trial court arose over whether the transaction between the parties was one whereby Nelson purchased the logs and afterwards resold them to Wilson and Besecker, or merely advanced the money to finance the deal. If it were the latter, then the conditional sales contract was merely serving the purpose of a chattel mortgage, and was void as to the laborers.

The whole transaction concerning the purchase of the logs was bared to the court, and we think, after perusing the evidence, that it clearly appears that it was never intended by any of the parties that the part Nelson played in it was other than that of one who financed the deal. He was not engaged in the business of buying and selling logs nor in handling them in any manner. The negotiations were all had between Wilson and Besecker and Briscoe, the price was agreed upon, and there was but one thing lacking—the cash to put the deal through. Nelson there stepped in as the lender of the money. He took no bill of sale of the logs nor was there any actual delivery or change of possession of the logs. It was only as security for the repayment of his money that the conditional sales contract was executed. That is not the purpose of a conditional sales contract, but a chattel mortgage. There was evidence showing that a little later another

transaction took place, and that time a chattel mortgage was executed.

This case falls within the rule announced in *Lyon v. Nourse,* 104 Wash. 309, 176 Pac. 359, and the principle of *Olsen v. Legal Adjustment Bureau,* 142 Wash. 446, 253 Pac. 643.

Appellant makes some complaint because of a modified judgment entered by the court. It appears to have been entered after due notice to the appellant, and its provisions merely conform to a stipulation signed by the appellant and filed in the cause.

We find no error, and the judgment is affirmed.

MAIN, PARKER, FRENCH, TOLMAN, MITCHELL, and BEALS, JJ., concur.