[No. 23841. Department One. December 6, 1932.]

P. E. SULLIVAN, *Appellant*, v. A. E. LEWIS, *Respondent*.[1]

*John J. Sullivan, Everett O. Butts*, and *Michael F. Ward*, for appellant.

*James A. Dougan, Joseph B. Smith & W. M. Vandercook, Eggerman & Rosling*, and *Dykeman, Monheimer & Griffin*, for respondent.

[1]Reported in 16 P. (2d) 834.

Mitchell, J.—James C. Cooper, while engaged. in the retail automobile business in Seattle under the name of the University Marmon Company, borrowed about $2,400 from P. E. Sullivan, to be used in taking delivery of three automobiles held under negotiable warehouse receipts. Cooper gave his promissory note to Sullivan in the sum of $2,700, covering $300 he already owed Sullivan and the $2,400 cash used to pay ·for the automobiles, which note Sullivan still had at the date of the commencement of this action.

·After taking the note, Sullivan and Cooper got the automobiles out of the warehouse, and then went back to Sullivan's bank to have a chattel mortgage prepared by Cooper to Sullivan on the three automobiles to secure the payment of the $2,700, according to their understanding at the time the money was furnished and the note given. But under advice to Sullivan from someone in the bank, he took from Cooper, in Cooper's individual name, a bill of sale to each of the three automobiles, which bills of sale were promptly recorded in the county auditor's office. Each bill of sale was acknowledged, but contained no affidavit of good faith.

Upon getting the automobiles, Cooper put them on the salesroom floor of the University Marmon Company, and thereafter sold them in the ordinary course of business. One of them was sold and delivered to defendant A. E. Lewis by the University Marmon Company. Thereafter, Sullivan, claiming to be the owner, brought this action in replevin against A. E. Lewis to recover possession of the automobile that Lewis had bought.

Upon appropriate issues, which were tried by the court without a jury, findings, conclusions and judgment were entered in favor of the defendant. The plaintiff has appealed.

The assignments question the correctness of the court's finding that the bill of sale was a chattel mortgage, and also the correctness of the conclusion and judgment that the bill of sale of the automobile by Cooper to Sullivan was void as to the respondent Lewis.

The trial court found that Lewis purchased the automobile for $1,399.90, and paid for it prior to the commencement of this suit. The court further found:

"That the said loan and indebtedness was evidenced by a certain promissory note executed and delivered by the said James C. Cooper to the plaintiff, P. E. Sullivan, in the sum of Twenty-seven Hundred ($2700.00) Dollars payable on demand. That as security for the payment of the said loan as evidenced by the said note, the said James C. Cooper made, executed and delivered therewith to the said P. E. Sullivan, three separate bills of sale, one for each of the said three automobiles herein referred to, which bills of sale were within ten days thereafter caused to be recorded in the records of the county auditor of King County, Washington, in the books kept for the purpose of recording bills of sale.

"That the vendor at all times represented to the defendant, A. E. Lewis, that he was the sole owner of the said automobile and that the vendee, the defendant A. E. Lewis, would have the possession and use of the said automobile which representation was at all times believed and relied upon by the defendant, A. E. Lewis, who had no knowledge whatsoever and no notice either actual or constructive of the existence of any claim or interest of or by the plaintiff, P. E. Sullivan, in or to the said automobile.

"That the plaintiff, P. E. Sullivan, never received any mortgage supported by affidavit of good faith and that the defendant, A. E. Lewis, at no time prior to the commencement of this action had any notice of the transactions had between the plaintiff P. E. Sullivan, and the said James C. Cooper, nor any notice of any claim or interest by or of the said P. E. Sullivan to or

in the said automobile and had no knowledge of any facts whatsoever which would or should put him in inquiry concerning the same."

The evidence, while not without some conflict, clearly supports the findings.

The law applicable to the situation has been set out in the case of *Pacific States Securities Corporation v. Austin,* 146 Wash. 492, 263 Pac. 732, where it was said:

"At the outset, we find that the finding of the trial court that the bill of sale was taken as security by Johnson from Austin is fully sustained by the evidence of Johnson himself.

"The above finding being conclusive as to the nature of the bill of sale transaction, the law is well settled that a bill of sale, absolute upon its face, will be held to be a chattel mortgage, where the parties intended it as security. *Miller v. Ausenig,* 2 Wash.. Terr. 22, 3 Pac. 111; *Olsen v. Legal Adjustment Bureau,* 142 Wash. 446, 253 Pac. 643.

"Section 3780, Rem. Comp. Stat. [P. C. § 9747], provides:

" 'A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, . . .'

"Consequently, by virtue of the statute, there being no affidavit of good faith attached to the instrument denominated a bill of sale, and it evidently being taken as security for the debt due appellant and Johnson, although valid as between Austin and appellant, it was void as to respondent at the time the execution was levied upon the truck and trailer under respondent's judgment. *Hicks v. National Surety Co.,* 50 Wash. 16, 96 Pac. 515, 126 Am. St. 883."

The judgment in the present case is supported by the findings.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.