[No. 35798.   Department One.   December 28, 1961.]

NINA H. OLIVER *et al., Respondents,* v. ELECTRICAL PRODUCTS
CONSOLIDATED, *Appellant,* L & C HOTELS, INC. *et al.,*
*Defendants.**

*Reported in 367 P. (2d) 618.

*Whitmore, Vinton & Powers*, for appellant.

*Little, Palmer, Scott & Slemmons, Kenneth A. Cox*, and *Dysart & Moore*, for respondents.

FOSTER, J.—The court must decide conflicting claims to personal property used in the Lewis-Clark Hotel in Centralia. Appellant is a judgment creditor of the assignee of the conditional sale vendee. Respondents are the conditional sale vendors of the personal property used in operating the hotel which they sold to Hill and wife in 1951. Subsequently, the Hills sold to the defendant L & C Hotels, a corporation, which is not a party to this appeal but which was in possession of the hotel and its equipment at the time of appellant's execution levy.[1]

By the terms of the conditional sale contract, the purchasers agreed to replace and renew the hotel furniture and equipment as required at their own expense, so that there would never be any diminution in either the value or the quantity thereof. The contract provided that the conditional vendors would be entitled to "repossess" such after-acquired property in the event of the purchaser's default.[2] All of the

---

[1] Although respondents sold the hotel building as well as the hotel furniture and equipment, no aspect of the real property transaction is involved.

[2] "IT IS UNDERSTOOD AND AGREED that the real and personal property herein described is used for the conduct of a going hotel business. The purchasers shall at their expense make such replacements of and additions to said personal property that there shall be no shrinkage either in quantity or value of said personal property, to the end that in the event of a default on the part of the Purchasers herein, and a forfeiture of this contract by the Sellers, the Sellers shall be enabled to repossess a going hotel business, the personal property of which shall not be depleted either as to quantity or as to value. All of such replacements and additions shall become the property of the Sellers immediately upon the installation in said real property. The Purchasers shall, from time to time as the Sellers may require, deliver properly acknowledged bills of sale to the Sellers of said replacements and additions. The Purchasers agree to pay for all of said replacements and additions upon such installation, to the end that the ownership of said replacements and additions by the Sellers shall not be subject to any conditional sales contract, chattel mortgage or other property rights therein of third persons except as the Sellers may, in their uncontrolled discretion, otherwise agree in writing. Such replacements and additions

property purchased by the conditional vendee for use in the hotel, either as replacement or *addition*, "shall become the property of the Sellers immediately upon the installation in said real property."

Nine years after the execution of the conditional sale contract, the assignees of the conditional vendees purchased from third parties additional hotel furniture and equipment upon which the instant execution was levied. That execution sale was enjoined at the suit of the respondents. The judgment creditor appeals.

The sole issue for decision is the right of the respondents under the after-acquired property clause in the conditional sale contract as against the judgment creditors.

By an unbroken line of decisions, an after-acquired property clause in a chattel mortgage is valid.[3] A chattel mortgage, however, is void as against all creditors, both existing and subsequent, unless it is accompanied by an affidavit of good faith. Such is the plain mandate of RCW 61.04.020. This conditional sale contract had no affidavit of good faith, nor was it filed as a chattel mortgage as required by RCW 61.04.030.

The conditional sale contract is a device recognized by statute to protect the seller of personal property which is to be paid for in installments although possession is delivered to the conditional vendee. .*Hughbanks, Inc. v. Gourley*, 12 Wn. (2d) 44, 120 P. (2d) 523, 138 A. L. R. 658; *Lyon v. Nourse*, 104 Wash. 309, 176 Pac. 359. However, it may not be used as security for a loan, for that is the office of a chattel mortgage. *Hughbanks, Inc. v. Gourley, supra*; *Lyon v. Nourse, supra*; *Sullivan v. Lewis*, 170 Wash. 413,

---

shall be subject to all of the terms of this contract as fully as if such replacements and additions were now owned by the Sellers and included in the inventory attached hereto, and shall become the property of the Purchasers if and when the purchase price shall be fully paid."

[3]*Reconstruction Finance Corp. v. Hambright*, 16 Wn. (2d) 81, 133 P. (2d) 278; *Mackall-Paine Veneer Co. v. Vancouver Plywood Co.,* 177 Wash. 503, 32 P. (2d) 530; *Straus v. Wilsonian Inv. Co.*, 177 Wash. 167, 31 P. (2d) 516; *Bank of California v. Clear Lake Lbr. Co.*, 146 Wash. 543, 264 Pac. 705.

16 P. (2d) 834; *Kelly v. Price*, 148 Wash. 542, 269 Pac. 842; *Mahon v. Nelson*, 148 Wash. 110, 268 Pac. 144; *Lahn & Simmons v. Matzen Woolen Mills*, 147 Wash. 560, 266 Pac. 697; *Pacific States Securities Corp. v. Austin*, 146 Wash. 492, 263 Pac. 732.[4] The seller must be the *actual owner* of the property sold in order to retain title. A genuine sale is the indispensable prerequisite. Because the respondents never owned the property, it was impossible for them to retain title to such property.

██ *Hughbanks, Inc. v. Gourley, supra*, decided that, because of the summary remedies available to the conditional sale vendor, such device is disfavored. If employed to perform the function of a chattel mortgage, the instrument is a chattel mortgage. Such is the instant case with respect to the after-acquired property clause. It was so decided by the Supreme Court of New Mexico in *Joe Heaston Tractor & Implement Co. v. Claussen*, 59 N. M. 486, 489, 287 P. (2d) 57:

"In the present case the Heaston company, seller, only owned the property turned over to the buyer, Claussen, at the time the sale was consummated, and it is difficult to see how the seller could 'retain' title to property it did not then own. In our opinion, the option in the case of default under paragraph (3) converted the instrument into a chattel mortgage. Certainly this is true as to the after-acquired merchandise."

Such, likewise, was the decision in *Dudley v. Dickie*, 281 F. (2d) 360, 364 (C. A. 9th):

" . . . For in equity an agreement in form a conditional sale would be treated as a chattel mortgage when the purpose of the transaction is to give the seller a security interest in property which he never owned and therefore could not sell. . . . Accordingly, that inventory of the Riddle General Store acquired after the execution of the contract of conditional sale between appellees and the bankrupts must be deemed to have been mortgaged by the Branches, rather than conditionally sold to them."

[4] " . . . Either may serve to secure the payment to the vendor of the purchase money, while in Washington the chattel mortgage only may be employed to secure the repayment of a loan or the performance of other obligations." 9 Wash. L. Rev. 143 (1934).

So, here, looking through form and label, as far as the after-acquired property clause is concerned, the instrument in question was a chattel mortgage. It was void as to the appellant because it did not contain the good faith affidavit, and it was not filed as a chattel mortgage.

The judgment is reversed.

FINLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

February 2, 1962. Petition for rehearing denied.

\*Reported in 367 P. (2d) 828.