In the Matter of Bernard George LUTH-
ER, whose wife is Virginia Marie
Luther, Bankrupt.

Ruth TIRK, Creditor-Appellant,

v.

Robert A. SOUTHWELL, Trustee,
Appellee.

No. 71-1532.

United States Court of Appeals,
Ninth Circuit.

June 20, 1972.

Rehearing Denied Aug. 9, 1972.

George W. Young (argued), William J. Powell, Spokane, Wash., for appellant.

Robert A. Southwell (argued), Spokane, Wash., Curtis L. Shoemaker, Spokane, Wash. (for claimant Carlson).

Richard G. McBroom (for Bankrupt), Spokane, Wash., for appellee.

Before HAMLEY, HUFSTEDLER, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Ruth Tirk appeals from a judgment affirming a bankruptcy referee's order which invalidated certain provisions of a title-retaining sales contract. We affirm.

On June 26, 1964, Mrs. Tirk and her late husband sold their hardware business to Mr. and Mrs. Stanley Carlson, Jr., and used a conditional sales contract to secure the unpaid balance of the purchase price. The contract included the store's stock of inventory and certain other equipment used in the hardware business. The contract did not convey, either by sale or lease, the building which housed the business.

By the terms of the contract, title was reserved in the vendors in both the current inventory and the after-acquired replacement inventory until all payments had been made. The Carlsons were re-

quired to maintain the inventory at a specified level and to replenish it as sales were accomplished. In the event of default, the vendors had the right to repossess the entire inventory. It is this last provision which the district court struck down.

Pursuant to Washington's statutory filing requirements, a memorandum of sale was recorded in the county where the vendees resided.

On March 20, 1967, the Carlsons, with Ruth Tirk's consent, transferred their interests in the hardware business, subject to the unpaid Tirk contract, to Bernard George Luther. Luther filed a voluntary petition of bankruptcy on October 7, 1968, leaving approximately $18,000 unpaid on the Tirk contract.

Mrs. Tirk petitioned to reclaim the property, and Luther's trustee promptly challenged the contract's validity, arguing that the contract was really a chattel mortgage which was void as against the trustee in bankruptcy because it did not satisfy the strict requirements of the then applicable state statute on chattel mortgages.

Both the referee and the district court concluded that the purported conditional sale was, in fact, a chattel mortgage insofar as it attempted to create a security interest in an after-acquired stock of inventory. Further, the court agreed with the referee that Mrs. Tirk had failed to identify, at the time of Luther's bankruptcy, any of the inventory which the Carlsons had acquired on June 26, 1964. The referee had said that even if some of the original inventory and equipment did remain, it was probably obsolete and hence of minimal value. This finding was affirmed by the district court.

Since the contract had not been recorded as a chattel mortgage, and since no affidavit of good faith had been filed as then required by RCW 61.04.-020,[1] the court held the title-retaining se-

curity agreement void as against the trustee.

■ Under Section 70(c) of the Bankruptcy Act, 11 U.S.C. § 110, the trustee may represent the rights of the bankrupt's actual creditors. United California Bank v. England, 371 F.2d 669 (9th Cir. 1966); Pacific Finance Corp. v. Edwards, 304 F.2d 224 (9th Cir. 1962). Here, the trustee represents seventeen of Luther's actual creditors.

■ The vulnerability of a security transaction to attack by the trustee under section 70(c) depends upon the law of the jurisdiction in which the bankrupt resides. Pacific Finance Corp. v. Edwards, *supra*. Therefore, if, under Washington law, one or more of Luther's creditors could have attacked Mrs. Tirk's lien, the trustee may do so. *See, e. g.*, Eichler v. Gray, 27 F.2d 328 (9th Cir. 1928).

RCW 61.04.020 provided that an improperly recorded chattel mortgage was void as against creditors of a mortgagor, subsequent purchasers, pledgees and mortgagees, and encumbrancers-for-value-in-good-faith. Appellant contends, however, that since the statute failed to mention the rights of creditors of the mortgagor's assignee, an improperly recorded mortgage could not be void as to them. Since Luther is the Carlsons' (mortgagors') assignee, appellant argues that Luther's creditors could not have attacked appellant's lien.

Appellant relies on Talcott v. Hurlbert, 143 Cal. 4, 76 P. 647 (1904), where the California Supreme Court, interpreting a statute similar to RCW 61.04.020, denied a creditor of the mortgagor's assignee standing to challenge an improperly recorded chattel mortgage. See also Eichler v. Gray, *supra*, where this court, in a California bankruptcy case, followed the California statute as construed by *Talcott*.

The Washington courts, however, have adopted a different construction of their

---

1. RCW 61.04.020 was repealed on June 30, 1967, the effective date of the adop-

tion in Washington of the Uniform Commercial Code.

statute. In Oliver v. Electrical Products Consolidated, 59 Wash.2d 276, 367 P.2d 618 (1961), the Washington Supreme Court permitted a judgment creditor of the mortgagor's assignee to attack and set aside an improperly filed chattel mortgage. Referring to the "plain mandate" of RCW 61.04.020, the court said:

"* * * A chattel mortgage * * * is void as against all creditors, both existing and subsequent, unless it is accompanied by an affidavit of good faith." 367 P.2d at 620.

Following Washington law as we must, we hold that the trustee, representing Luther's creditors, may attack Mrs. Tirk's lien.

The *Oliver* court also held that after-acquired property may not be the subject of a conditional sales contract. A conditional sale does not exist unless the vendor retains title to the property, Dudley v. Dickie, 281 F.2d 360, 364 (9th Cir. 1960), and, as the *Oliver* court noted, a vendor cannot retain title to after-acquired property because that vendor did not own that property. 367 P.2d at 620.

In these circumstances, the Tirks' purported conditional sale of the after-acquired inventory was, in the eyes of Washington courts, a chattel mortgage. That mortgage is void as against the trustee because it was not accompanied by an affidavit of good faith. The Washington courts have strictly enforced this affidavit requirement. *See, e. g., In re Spenser's Inc.,* 61 Wash.2d 267, 377 P.2d 880 (1963); Dorsey v. Brunswick Corp., 69 Wash.2d 511, 418 P.2d 732 (1966). Equity, therefore, cannot intervene on behalf of a creditor who has failed to perfect her security as local law demands. *See* Malott v. General Mach. Co., 19 Wash.2d 62, 68, 141 P. 2d 146, 149 (1943).

Appellant contends that even if her lien on the after-acquired inventory is void the conditional sales contract is valid as to the inventory and equipment which was sold to the Carlsons on June 26, 1964, and which remained in Lu-

ther's possession on the date of his bankruptcy. If appellant were able to identify the described property properly, she would be entitled to it, or to its liquidation value. *See* Dudley v. Dickie, *supra.*

Mrs. Tirk testified that after Luther's bankruptcy she discovered numerous pieces of inventory which she and her husband had conveyed to the Carlsons in 1964. Mrs. Tirk also made her own inventory of such goods, which inventory was admitted into evidence by the referee. However, the referee determined on the basis of other testimony and evidence that the original inventory had "probably turned at least once." Since Mrs. Tirk had acquiesced in the intermingling of the original and after-acquired inventory, and since the referee was not convinced by Mrs. Tirk's subjective, self-serving testimony, the referee concluded that none of the inventory could be identified as that of the conditional vendor. The district court agreed, and we cannot say that these findings are clearly erroneous.

Mrs. Tirk now points out that some of the property conveyed under the contract included rental equipment and non-inventory property used in the business, such as dishes, glassware, folding chairs, showcases, light agriculture machines, a gift-card rack, and a key-making machine. The referee apparently concluded that, even if these items had not been part of the store's stock in trade, the items were probably obsolete and hence of little value. Appellant has not advised this court as to precisely which property and equipment she claims under that part of her contract which may be valid, nor has she assigned a value to such property. It is therefore impossible for us to hold that the district court erred by accepting the referee's finding that the value of identifiable Tirk property and equipment, even if it remained in the store, was minimal. Mrs. Tirk had her day in court, and it was her burden to prove the nature and value of the property she claimed.

Affirmed.