**In re MONDIE FORGE, INC., Debtor.**

**Bankruptcy No. B92–11729.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Aug. 27, 1992.

**500**

Sid Hopps, Squire, Sanders & Dempsey, Cleveland, OH, for Ameritrust & Fabricating Co.

Robert J. Piolo, Youngstown, OH, for Bank One, Youngstown.

Lance Johnson, Cleveland, OH, for Bula Forge.

Robert S. Balantzow, Cleveland, OH, for Beverge Machine.

Alan S. Kopit, Cleveland, OH, for King Forge & Machine Co.

Daniel Wilt, Cleveland, OH, for Mondie Forge.

Betty K. Pinkney, Cleveland, OH, for The East Ohio Gas Co.

Douglass P. Coble, Rocky River, OH, for 25 Unsecured Creditors.

Mary C. Kaczmarek, Thompson, Hine and Flory, Cleveland, OH, for Society Nat. Bank (Successor by Merger with Ameritrust Co. Nat. Assoc).

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this voluntary Chapter 7 case, David O. Simon (the Trustee) seeks to substitute an approved purchaser on the sale of substantially all of the assets of the Debtor, Mondie Forge, Inc. On March 24, 1992, Mondie Forge, Inc. caused to be filed its voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code [11 U.S.C. 701, *et seq.*]. The Trustee filed a motion to sell all of the Debtor's assets free and clear of liens and other interests to Bula Forge for $725,000.00 pursuant to an asset purchase agreement. An upset bid was made, and an auction ensued with Bula being the successful bidder in an amount of $975,000.00. On May 22, 1992, an approval order was entered on the sale.

*Asset Purchase Agreement (Agreement):*

An examination of the Agreement reveals the appraised value of the subject property totaled $633,734.00.

$289,000.00   Real Estate (1991 Appraisal)
$344,734.00   Personal Property (1992 Appraisal)
$633,734.00

The purchase price listed in the Agreement was $725,000.00, with $40,000.00 in cash or bank check payable to the Trustee upon acceptance of the offer. Further, the balance of the Purchase Price was to be paid in cash or wire transfer to the seller's account upon closing. The Agreement further stated, "If the transaction fails to close due to the failure of the buyer to perform, the deposit shall be nonrefundable." The Agreement also provided that closing of the transaction was to occur at 10:00 A.M. on a date mutually agreed to within 30 business days after the order of the Bankruptcy Court becomes final and unappealable. The Agreement did not contain a date certain for closing. (See, Asset Purchase Agreement, Paragraph 2, pp. 4–5). Paragraph Five of the Agreement calls for the transfer of title to the assets to occur at the stated closing of the transaction. Further, Paragraph Ten of the Agreement clearly expresses that, as a condition of closing, the Bankruptcy Court for this District must have approved the purchase to the buyer and a final and unappealable order thereon had issued prior to the closing.

Allegedly, the prescribed time period for closing lapsed, without Bula Forge having obtained adequate financing to consummate the purchase. Subsequently, on July 16, 1992, the Trustee filed a motion seeking authority to extend the time period in which to close the sale with Bula Forge. Objections to the extension request were filed by Society National Bank and by King Forge & Machine Company (King Forge), a competing bidder. At the hearing on the extension motion, the Trustee withdrew his request for extension. The stated objections were, likewise, withdrawn. On August 11, 1992, the Trustee filed the present motion seeking authority to substitute King Forge as the successful purchaser of the subject assets with a bid amount of $750,000.00. In response, objections were filed by Bula Forge, East Ohio Gas Company, and certain unsecured creditors. King Forge filed its brief in support of the substitution motion. Upon an examination of the pleadings, arguments of counsel, and

an examination of the record, generally, the following findings and conclusions are herein made:

The principle issue for resolution is whether an abuse of process has been perpetuated to warrant a substitution of purchasers for the Debtor's assets. In support of his substitution motion, the Trustee contends that Bula Forge submitted a bid of $975,000.00 but was unable to complete the sale and is in default on the Court's order of May 22, 1992. The motion addresses no claim of an abuse of process. The original sale of assets was noticed seeking an amount of $725,000.00 for Debtor's assets. As a result of competitive bidding, Bula Forge was to have paid the $975,000.00 as the successful bidder but, as alleged above, was unable to obtain proper financing within the required period of time. No extension of the financing period was approved. In furtherance of its motion, the Trustee represents that another interested party, King Forge, has offered $750,000.00 to purchase the subject assets on the same terms and conditions as were offered initially to Bula Forge. (See, Asset Purchase Agreement). The Trustee asserts that King Forge's offer was made in good faith and is in the best interests of the Debtor's estate and its creditors.

Since the filing of his motion, the Trustee acknowledges that the approved offerer, Bula Forge, has obtained firm cash financing totalling $975,000.00 to acquire the subject assets but asserts that that offer should not be favorably considered by the Court due to Bula Forge's alleged default on the initial purchase agreement. The Trustee further acknowledges the fact that the $750,000.00 offer of King Forge is substantially less (i.e. $225,000.00) than the $975,000.00 cash offer of Bula Forge. Additionally, the Trustee seeks a waiver of further notice to creditors and that the offer of King Forge be approved.

In its objection to the Trustee's motion to substitute the purchaser, Bula Forge argues that it has performed all obligations under the Court's May 22, 1992 Order, and also has deposited a total of $65,000.00 with the Trustee in furtherance of its intent to purchase. Contrary to the Trustee's assertions, Bula Forge further states that it has, at all times, been willing and able to close the sale as outlined in the Court's Order of May 22, 1992. Moreover, Bula Forge asserts that it was actually the Trustee who breached his contract for sale by withdrawing his own motion for authority to extend the closing period. Unequivocally, Bula argued that it has $975,000.00 to immediately close the transaction with the Trustee, unconditionally. This representation is unrefuted by the Trustee. Finally, Bula Forge argues that the Trustee's motion to substitute King Forge's offer of $750,000.00 for the same assets, and on the same terms that Bula Forge is offering $975,000.00, is not in the best interests of the estate or its creditors. Notably, the objections of East Ohio Gas Company and of certain unsecured creditors voiced, in part, a similar concern.

The sole basis advanced by the Trustee in the present motion for substituting purchasers of the Debtor's assets is premised upon a refuted default by the approved purchaser, Bula Forge. At the hearing on the motion, the Trustee additionally argued that Bula Forge had abused the bankruptcy process by its failure to adhere to the Court's May 22, 1992 Order. In brief, that allegation is conclusory and unsupported by persuasive evidence. In fact, the Trustee requested no evidentiary hearing on his motion to substantiate his allegations of default and abuse of process. No abuse of the May 22, 1992 order is found.

On July 17, 1992, the Trustee filed his motion to extend the transaction's closing period. Contrary to his assertions of abuse and default, it is remarkable to note that the Trustee asserted the following language in support of his extension motion:

> Bula Forge has proceeded to work diligently towards the closing as indicated but has had requirements regarding audits and appraisals that have slowed its loan process in connection with the closing of this transaction.
> —Bula Forge has requested additional time in order to complete the closing of the sale and has offered to compensate

the estate for that extension. Movant believes that approving the extension upon the terms and conditions of the attached letter would be in the best interest of this estate.

Although that motion to extend was subsequently withdrawn, clearly the above-quoted language from the Trustee's Motion To Extend Closing Period, reflects: (1) a cooperative relationship between the Trustee and Bula Forge and (2) conduct by Bula Forge which is contrary to that which is presently alleged by the Trustee. In other words, the Trustee's earlier position stated in the extension motion expresses no default or abuse perpetuated by Bula Forge. In furtherance of the Trustee's and Bula's intent to pursue Court approval of the closing extension, both executed a letter agreement to that effect dated July 13, 1992. (See Bula's Exhibit A, Brief in Opposition to Trustee's Motion).

■ King Forge's brief in support of the Trustee's motion for substitution has been considered. In part, it argues that the Trustee has consummated a sale of the subject assets to King Forge, effective August 10, 1992, and that "King Forge had expended substantial sums in reliance on the finality of sale in order to prepare the Debtor's former facilities for the resumption of active operations." (King Forge's Brief, pp. 4–5). King Forge further asserts finality of its purchase by asserting that, *inter alia,* it has keys to the premises and has changed locks at the facility and the reactivation of the security system. Simply stated, King Forge's conduct in this regard was premature. A sale of assets pursuant to § 363 of the Bankruptcy Code is final only upon Court approval. The record in this case does not reflect approval of any sale of assets to King Forge, nor has there been a transaction with King Forge to close a sale of assets. Accordingly, any accretions to the Debtor's property without court approval were made gratuitously and at King Forge's expense.

■ In this matter, which seeks the substitution of a purchaser of the Debtor's assets, the burden of proof required to sustain the motion is upon the movant Trustee. That burden must be carried by a preponderance of the evidence standard. Herein, that burden has not been met. No evidentiary hearing was requested, and the Trustee's assertions of abuse and default were not only refuted but were conclusory and unsubstantiated.

Accordingly, the Trustee's motion to substitute purchasers is hereby denied. Further, the cash offer totalling $975,000.00 of Bula Forge is the highest and best offer for the Debtor's assets. The Trustee has failed to present a cogent and persuasive reason why a lesser amount should be accepted for the Debtor's assets when a substantially higher offer is immediately available to provide $225,000.00 more to the Debtor's estate. Furthermore, acceptance of the Bula offer of $975,000.00 is clearly in the best interest of the Debtor's estate and of its creditors, and is hereby approved.

Under § 704 of the Bankruptcy Code [11 U.S.C. 704], among the duties of a case trustee is the following:

(1) The trustee shall collect and reduce to money the property of the estate ... and close such estate as expeditiously *as is compatible with the best interest of the parties in interest.* 11 U.S.C. 704(1). (Emphasis added).

■ The Trustee's request to substitute a purchaser (King Forge) who is willing to pay $750,000.00 for the Debtor's assets, when another able buyer is willing to pay $975,000.00 for the same assets pursuant to the same terms is not in the best interest of the parties in interest, as required by § 704(1). This is particularly true in this case where the Trustee envisions unsecured creditors receiving only a 15–25% dividend on their claims. Certainly, accepting a lower bid for the Debtor's assets will do nothing to enhance a greater dividend to the unsecured creditors. As an officer of the Court and as a representative of the Debtor's creditors, the Trustee has a duty to realize the maximum return for the estate for further distribution to the Debtor's creditors. *In re Benny,* 29 B.R. 754, 760 (D.C.Cal.1983); *In re Obie Elie Wrecking Co.,* 35 B.R. 114 (Bankr.N.D.Ohio

1983); *See, Commercial Credit Corp. v. Skutt,* 341 F.2d 177 (8th Cir.1965); *In re Luther,* 465 F.2d 19 (9th Cir.1972); *In re Allison B. Poage,* 92 B.R. 659 (Bankr.N.D.Texas 1988). (A Chapter 7 trustee is a fiduciary obligated to treat all parties fairly. His primary duty is to the estate's unsecured creditors.) The Court's prior order does not include a specific closing period. The approved sale transaction to Bula Forge is to be closed within a 30-day period of this entry becoming a final nonappealable order. The objections herein are sustained.

IT IS SO ORDERED.